## Todd v. Powell

*Alan D. Levy,* for plaintiff.
*James M. Keller,* for defendant.

ROWLEY, *J.,* June 28, 1978—Plaintiff's complaint in trespass and defendant's preliminary objections, in the nature of a demurrer, present the interesting question whether the Pennsylvania Supreme Court, by its decision in Fadgen v. Lenkner, 469 Pa. 272, 365 A. 2d 147 (1976), wherein the tort of criminal conversation was abolished, has also abolished *all* tort liability of a defendant who has

enticed plaintiff's spouse to leave the marital home and engage in cohabitation with defendant. Unfortunately the record is inadequate at this time to permit a decision of that question.

On September 22, 1977, plaintiff filed a complaint in trespass seeking to recover damages (including punitive damages) for "great distress of mind and shock to his nervous system," which he avers resulted from defendant's "having wrongfully, wickedly and unjustly debauched and carnally knew the plaintiff's wife" between April 1975 and March 1977, and subsequent thereto, and also having unlawfully and maliciously influenced and directed plaintiff's wife to abandon his home and commence cohabitation in defendant's residence which is in the same municipality as that of plaintiff. Defendant filed preliminary objections in the nature of a demurrer contending (1) that the complaint charges alienation of affections which has been outlawed by the Act of June 22, 1935, P.L. 450, 48 P.S. §170, and (2) it inferentially charges "criminal conversation" which is no longer the law in Pennsylvania. Plaintiff filed an answer to defendant's preliminary objections averring that the complaint does not charge either alienation of affections or criminal conversation but, on the contrary, his cause of action "is predicated on the intentional interference without justification with contractual rights." Plaintiff also avers in his answer to defendant's preliminary objections that he is claiming damages for "loss of consortium and deprivation of the assistance, comfort and society of his lawful spouse." Counsel for the parties have submitted the case to the court on the record and written briefs. In his written brief, plaintiff contends that he is basing his cause of action on the

"intentional infliction of mental distress" as outlined in section 46 of the Restatement, 2d, Torts. We have concluded that plaintiff should be given an opportunity to amend his complaint to allege, if possible, a cause of action under section 46.

There can be no question (and plaintiff concedes) that the former actions for alienation of affections and for criminal conversation have been abolished in Pennsylvania; the former by the legislature and the latter by the Supreme Court. As we understand defendant's argument, it is because of the abolishment of these two forms of action that it is no longer possible for a spouse to recover damages in a civil action for interference by a third party with his marital relationship *under any circumstances*. We do not think that such an all-inclusive, and wide-sweeping result is required either by the statute or the court's decision in Fadgen, supra.

A cause of action under §46 of the Restatement, 2d, Torts has been recognized by the Supreme Court of Pennsylvania in Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970). The court pointed out that "[t]he law has only recently recognized that the freedom from mental distress directly caused by wanton or outrageous conduct is entitled to legal protection independent of any other cause of action." In Forster v. Manchester, 410 Pa. 192, 189 A. 2d 147 (1963), the court pointed out that defendant's conduct may subject him to liability where the conduct "has gone beyond all reasonable bounds of decency . . . [and would cause] an average member of the community . . . to exclaim 'Outrageous.'" In addition, plaintiff is required to allege and prove that defendant's clear intent was to cause him severe emotional distress. See: 37 P.L.E. Torts §7, 132, and §4, 22 Supp. Also see, 6 Villanova Law

Review 588 (1961), and 22 University of Pittsburgh Law Review 365 (1960).

It is conceivable to us that plaintiff might be able to allege and prove that defendant engaged in a course of conduct with plaintiff's wife for the avowed purpose of causing plaintiff emotional distress and that defendant's conduct was outrageous. Plaintiff's present complaint does not do that, however. On the other hand, we recognize that preliminary objections should only be sustained and a cause of action dismissed where the record is clear that there is no disputed issue of fact and that there is no chance of plaintiff's right to recover being vindicated. Amendments should be liberally allowed.

For these reasons, we make the following

### ORDER

Now, June 28, 1978, defendant's preliminary objections in the nature of a demurrer are sustained and plaintiff's complaint is dismissed unless within 20 days from this date plaintiff files an amended complaint in accordance with the foregoing opinion.