**Lewis E. ATKINSON, Appellant**

v.

**James Michael EVANS, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2001.

Filed Dec. 5, 2001.

LeRoy Smigel, Harrisburg, for appellant.

Thomas Chairs, Camp Hill, for appellee.

Before: CAVANAUGH, MUSMANNO and OLSZEWSKI, JJ.

CAVANAUGH, J.

¶ 1 The present appeal is from the order of court which sustained the preliminary objections of James Michael Evans to the complaint of Lewis Atkinson and dismissed the complaint with prejudice. The relief was sought pursuant to Pa.R.C.P. 1028(a)(4)—legal insufficiency of a pleading (demurrer).

¶ 2 We recently restated the standard which controls our review:

[w]hen preliminary objections in the nature of a demurrer are filed, we must accept as true all the well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts. Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim for which relief may be granted, and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible. All doubts are resolved in favor of the pleader. Furthermore, by filing preliminary objections in the nature of a demurrer, appellees have admitted the factual allegations of the complaint for purposes of the demurrer.

*Reformed Church of the Ascension v. Theodore Hooven & Sons, Inc.*, 764 A.2d 1106, 1109 (Pa.Super.2000).

¶ 3 Appellant Lewis Atkinson's complaint, which was dismissed, sought relief from James Michael Evans in the form of monetary damages based upon two stated causes of action:

1) Interference with contractual relations, and, 2) conspiracy.

¶ 4 The background which we draw from the factual averments of Atkinson's complaint is that Atkinson was married to Mary Elizabeth Atkinson in 1975. In 1996, the Atkinsons separated as the result of an "affair" between Mary Elizabeth and defendant appellee, James Michael Evans. In December of that year, the Atkinsons entered into a post-nuptial agreement which addressed the parties' mutual property rights. In a separate provision, Mary Elizabeth agreed to terminate any relationship with Evans, to resist any future contact with him and, finally, agreed "not to engage in any other adulterous relationship." The comprehensive agreement contained provisions for the amicable allocation of their respective property interests, but also had stipulations which would become operable in the event of a future divorce.

¶ 5 It is further averred that Evans had knowledge of the Atkinson's agreement and his potential role in its efficacy as the accord which was designed to act as the polestar for the perpetuation of the Atkinson's marital relationship. Finally, it is averred that, notwithstanding, Evans induced Mary Elizabeth to breach her agreement and that his knowing acts constituted wrongful interference with the existing contractual relationship of the At-

kinsons. The complaint averred specific conduct on the part of Evans which would, indisputably, be acts which placed Mary Elizabeth in clear violation of her agreement. Damages are sought as a consequence of Evans' interference which has caused Lewis the loss of his marriage, psychological damage and career impairment.

¶ 6 In the conspiracy count, damages are sought on the basis that Evans and Mary Elizabeth conspired to divert marital property to Evans and to cause a depletion of marital assets. Mary Elizabeth is not a party to the action.

¶ 7 Appellant's suit faces several barriers of which appellant is not unaware. In 1976, our supreme court abolished, by court decision, the cause of action for criminal conversation. *Fadgen v. Lenkner*, 469 Pa. 272, 365 A.2d 147 (1976). If that tort were still extant, and if the averments of appellant's complaint are true, this case would clearly be within its terms. In 1990, the legislature reenacted a long standing act which had abolished actions for alienation of affections in Pennsylvania. 23 Pa.C.S.A. § 1901 (reenacting Act of June 22, 1935 P.L. 450). Again, the instant averments would support such a claim were it not for the legislation which annulled such claims.

¶ 8 Appellant's argument is that his cause of action for intentional interference with a contractual relationship is not foreclosed by abolition of the tort of criminal conversation or claims for alienation of affection. In support, he argues precedent of a common pleas case, *Todd v. Powell*, 6 Pa. D. & C.3d 766 (C.P. Beaver Cty.1978). Assuming that we would find this decision to be of persuasive authority, we nonetheless find it unavailing to appellant. In *Todd*, the claimant husband, like

the appellant herein, grounded his action on an intentional interference with contractual rights and so stated in his answer to the preliminary objections. The trial court, however, noted that in his brief to the court, husband stated his claim as being for "intentional infliction of marital distress" relying on Restatement (Second) of Torts § 46. So considered, the court opined that a § 46 claim was not clearly foreclosed by prior decision or legislation. As a result, the demurrer was sustained to the complaint, but plaintiff was nonetheless granted 20 days to amend the complaint to plead a claim under § 46. Contrary to appellant's argument, the reasoning of *Todd* is that whereas a claim of interference with contractual rights would not overcome the preliminary objections, a § 46 claim of intentional infliction of mental distress would, if properly plead, withstand the preliminary objection. It is revealing that nowhere in his complaint or in his brief on appeal to this court has appellant asserted that he grounds his claim of § 46 intentional infliction of emotional distress.[1] We would, thus, find that *Todd*, rather than supporting appellant's position, is contrary to it.

¶ 9 *Antonelli v. Xenakis*, 363 Pa. 375, 69 A.2d 102 (1949) is, like *Todd*, unavailing to appellant's position. This case long preceded *Fadgen v. Lenkner, supra*, and simply stands for the proposition that the court concluded at that time that the statutory abolition of claims for alienation of affection did not foreclose pursuit of the still-recognized tort of criminal conversation.

¶ 10 Presently, the trial court was correct in deciding that there is no basis in current law for the appellant's claim of intentional interference with a contractual relationship or civil conspiracy.

---

1. This is not to say that we would agree with the *Todd* court that claims under § 46 may override the governing abolitions.

¶ 11 The tort of intentional interference with performance of contract by third person is embodied in Restatement (Second) of Torts at § 766. A review of this complex provision reveals that its intended reach is as to commercial and employment contracts.[2] Our research of the many federal and commonwealth cases applying § 766 discloses none involving domestic contracts (and appellant furnishes no such authority).

¶ 12 More fundamentally, when we examine the contract of the Atkinsons, we find that while the subject matter is the parties' respective economic interests in the marriage, the contract consideration is Mary Elizabeth's promise of disengagement of her relationship with Evans and, inferentially, a resumption of her exclusive fidelity to Lewis, her husband. This provision is nothing more than a restatement of Mary Elizabeth's marital vows—she was promising to do what she had already promised at the time of her marriage.

¶ 13 Whether we agree or not, judicial decision of a generation ago, and legislation long preceding that decision (together with abandonment of adultery as a crime) have made it clear that the policy of this Commonwealth is that tort claims, based upon enabling or consorting with an unfaithful spouse in derogation of duties of marital fidelity, are not actionable.

¶ 14 We find that the claims of intentional interference with a contract and civil conspiracy, however mischievous in the present circumstances, do not form the basis for a civil action under Pennsylvania law.

¶ 15 Order affirmed.

**2.** See Restatement (Second) of Torts § 766 Comments.