POPOVICH, Judge.
This appeal comes before us following dismissal of plaintiff-appellant’s complaint for failure to state a cause of action upon which relief can be granted. We are asked to review whether the trial judge erred in granting defendant’s preliminary objection to the complaint in the nature of demurrer. We affirm.
On or about April 10, 1989, appellant, The Realty Group Associates, Inc., (“Realty”), negotiated an “exclusive” listing contract with appellees Barbara (“wife”) and Joseph *328 (“husband”) Divosevic for the purpose selling their home. Realty alleges in its Complaint two counts sounding in breach of contract. Specifically, Realty’s action is one for breach of the contract provisions entitling it to a commission. The fee arrangement appearing in bold-faced block type in the “Standard Exclusive Listing Contract” reads as follows:
COMMISSION — THE RATE OF COMMISSION OR FEE FOR THE SALE, LEASE OR MANAGEMENT OF REAL ESTATE IS NEGOTIABLE. THE COMMISSION OR FEE FOR PROFESSIONAL SERVICES UNDER THIS CONTRACT HAS BEEN NEGOTIATED AS FOLLOWS:
IN THE EVENT OF SALE, TRANSFER OR EXCHANGE OF THE PROPERTY LISTED HEREIN BY WHOMSOEVER MADE OR EFFECTED, INCLUDING THE OWNER, OR IF BROKER PROCURES A PURCHASER READY, WILLING AND ABLE TO BUY THE PROPERTY AT THE LISTED PRICE [$349,900] WITHIN THE PERIOD OF TIME THIS CONTRACT IS IN FORCE, THE OWNER AGREES TO PAY THE BROKER A COMMISSION OF SEVEN (7%) OF THE SELLING PRICE.
Plaintiff’s exhibit 1 (emphasis added).
The lower court Opinion accurately recites the factual history of the instant case subsequent to the negotiated agreement for listing (which was to run for one year from April 10, 1989, with a right of termination after 180 days); the relevant facts are as follows:
On or about May 9, 1989, a prospective purchaser named Ronald Dubyak made an offer to purchase the property.
This agreement of sale was communicated to defendant Joseph Divosevic on May 10, 1989 and accepted by him on May 11, 1989.
The agreement was likewise sent to defendant Barbara Divosevic’s attorney, Robert Pierce, on May 10, 1989.
*329 On or about May 23, 1989, Mr. Pierce submitted a counter-offer on behalf of Barbara Divosevic.
On June 2, 1989, the agreement of sale was executed by Barbara Divosevic by amending the agreement of sale to reflect the new price and terms.
In July, 1989, the plaintiffs broker, Joseph Ritchie, communicated to the defendant’s that the buyer was having temporary cash flow problems and wanted to amend the financing terms.
Noting that time was of the essence, Joseph Divosevic’s counsel scheduled a closing date of August 31, 1989 with buyer.
In mid-August, the buyer made a new offer.
On August 28, 1989, Barbara Divosevic’s counsel made a counter-offer. The new terms were accepted by the buyer and incorporated into an agreement of sale which was signed by buyer and Joseph Divosevic and a $20,000 hand money check was given to Joseph Ritchie as per terms of the agreement.
The new closing date was to be October 13, 1989.
The agreement was sent to Barbara Divosevic’s counsel, whereupon this defendant refused to sign the agreement.
On or about September 27, 1989, Joseph Divosevic conveyed by recorded deed his interest in the property to Barbara Divosevic. On October 19, 1989 plaintiff was made aware that Barbara Divosevic was the sole owner of the property and the exclusive listing contract was terminated.
Trial Court Op. at 1-3.
The Complaint at Count I alleges breach of contract between Realty and appellees on grounds that Realty provided a ready, willing and able buyer to purchase the property, and that appellees were in breach of their obligation to pay Realty its commission even though no “sale, transfer or exchange” materialized with respect to this offeror. Count II alleges breach of contract on grounds that husband’s conveyance to wife qualified as a “sale, *330 transfer or exchange” consistent with the terms as found in the above-excerpted provisions of the agreement thereby, alternatively, obligating appellees for the commission fee.
We begin by noting our standard of review from an order, reduced to judgment, dismissing a party’s complaint for failure to state a claim upon which relief can be granted. All properly pleaded facts and inferences reasonably deducible from the complaint are admitted; a preliminary objection in the nature of demurrer should be sustained, and a complaint dismissed, “only in cases which are clear and free from doubt.” Allstate Ins. Co. v. Fioravanti, 451 Pa. 108, 299 A.2d 585, 587 (1973); see also Zubris v. Pennsylvania Assigned Claims Plan, 321 Pa.Super. 83, 467 A.2d 1139, 1143 (1983); see generally 16 Std.Pa.Pract. § 91:61 (1983). An appellate court’s review of this, an issue of law (the facts are admitted), is plenary, for “it must appear with certainty that, upon the facts as averred, the law will not permit recovery by the plaintiff.” Allstate, 451 Pa. at 111, 299 A.2d at 587 (citation omitted).
We need not remain long with appellant’s assignment of error at Count I, as the policy language clearly and unambiguously limits appellees’ obligation for commission payment only: “in the event of a sale, transfer or exchange of the property” or in those situations where the “broker procures a purchaser ready, willing and able to buy the property at the listed price within the period of time this contract is in force____” (emphasis added). Solis-Cohen v. Phoenix Mut. Life Ins. Co., 413 Pa. 633, 198 A.2d 554, 555 (1964) (broker’s entitlement to a commission is determined in accordance with principles of contract law); see also Century 21 Heritage Realty, Inc. v. Bair, 386 Pa.Super. 373, 563 A.2d 114, 116 (1989) (vendor ordinarily becomes liable for a commission where broker supplies a ready, willing and able purchaser); see generally 6 P.L.E., Brokers §§ 78-80 (1958). Neither an agreement for sale of the house, nor a completed sale, transfer or exchange was executed by the parties; nor was the offered price for an amount equal to or greater than the listed price. Thus, *331 with respect to the transaction involving Mr. Ronald Dub-yak, neither conditions precedent necessary to obligate appellees to the payment of a commission were satisfied. Appellant has pleaded insufficient facts to sustain a cause of action on this count.
At Count II, we must ask whether the conveyance from husband to wife pursuant to a Divorce Decree and Merged Property Settlement should be considered a “sale, transfer or exchange” as the terms exists in the listing agreement. In a one-paragraph argument, appellant asserts that “while the order of the Family Division may serve as a defense to the payment of a commission, it does not permit the court to grant a demurrer.” Appellant’s Brief at 14-15. Appellees counter by merely adopting the trial court’s reasoning:
Clearly the placing of the property in the wife’s name was done without the intention of defrauding the plaintiff of a commission. The transaction was made in accordance with a Family Court Order as part of a property settlement. If a commission was to be had, there is no indication that it would not come from the wife. Plaintiff has failed to allege any facts which would support a claim of fraud against the defendants.
Trial Court Op. at 6.
First, it is helpful to recall that at the time of husband’s transfer to wife on September 19, 1989, there remained three weeks left in the contract before which appellees could rightfully terminate. There is, however, no evidence that appellees terminated before October 10, 1989. Thus, wife’s termination by letter dated October 10, 1989, appears well within her rights under the agreement since the listing contract was 180 days old when she exercised this right.
We agree with the trial court’s legal conclusion that appellant pleaded insufficient facts of fraudulent transfer to withstand a demurrer. We feel, however, that on a more fundamental level, the terms as included in the contract prevent appellant’s recovery irrespective of the absence of proof of fraud.
*332 A plain interpretation of the terms of the listing contract fails to suggest the legal conclusion appellant assumes, specifically, that a conveyance between appellees triggers the “sale, transfer or exchange” provisions of the agreement. Read as a whole, we find the agreement unambiguous and subject only to one reasonable interpretation, one which contemplates a “sale, transfer or exchange” to a third party, not between co-owners who are parties to the contract. See Guardian Life Ins. Co. v. Zerance, 505 Pa. 345, 479 A.2d 949, 953 (1984) (where contractual language is unambiguous, and thus subject only to one reasonable interpretation, interpretation is a question of law for the court demanding application of the written word consistent with its plain or customary meaning); see also United States Fidelity & Guar. v. Griggs, 341 Pa.Super. 286, 491 A.2d 267, 269-70 (1985). Significantly, and as the trial judge suggests, it would appear that wife remained obligated under the agreement for the three-week period subsequent to husband’s transfer to wife. Thus, we fail to see how appellant’s reasonable expectations under the contract have been compromised by the intra-party conveyance. Appellant has pleaded insufficient facts from which a cause of action on this count in breach of contract can be sustained.
Judgment affirmed.