689 A.2d 305

**Keith A. BOCCHICCHIO and Sue L. Bocchicchio, Appellants,**

**v.**

**GENERAL PUBLIC UTILITIES CORPORATION, Pennsylvania Electric Company, Jersey Central Power & Light Company, Duquesne Light Company, Metropolitan Edison Company, SE Technologies, Inc., and Gary C. Horner, Trustee.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1997.

Filed Feb. 11, 1997.

24

Thomas Devlin, Camp Hill, for appellants.

Stephen F. Moore, Harrisburg, for General Public Utilities, appellee.

Antonio F. Dias, Pittsburgh, for Duquesne Light, appellee.

Rebecca A. Bowman, McMurray, for Se Technologies, appellee.

Before CIRILLO, President Judge Emeritus, and KELLY and MONTEMURO *, JJ.

CIRILLO, President Judge Emeritus:

Keith and Sue Bocchicchio appeal the order of the Court of Common Pleas of Lancaster County granting Appellees' pre-

* Retired Justice assigned to the Superior Court.

liminary objections.[1]  We reverse.

Plaintiffs/Appellants Keith and Sue Bocchicchio (Bocchicchios) commenced an action for breach of contract against Defendants/Appellees General Public Utilities Corporation (GPU), Pennsylvania Electric Company (PECO), Jersey Central Power & Light Company (JCP & L), Duquesne Light Company (DLC), Metropolitan Edison Company (MEC), SE Technologies (SE), and Gary C. Horner (Horner).[2]  The complaint averred that Horner had entered into negotiations with Appellants, on behalf of the remaining defendant utility companies,[3] in an effort to purchase the Bocchicchios' ten-acre property located in Lancaster County, Pennsylvania.  Appellants alleged that the parties had succeeded in creating a valid, enforceable oral contract, and that this oral agreement was memorialized in a written "option purchase contract" that was signed by both parties, recorded in the county courthouse, and returned to Horner so that the contract would become fully enforceable between purchasers and sellers.  When Horner discontinued the option to purchase Appellants' land and failed to pay the agreed upon consideration under the option contract, the Bocchicchios instituted the underlying civil action for expectation damages, accrued costs, interest and fees.[4]

Appellees filed preliminary objections to the Bocchicchios' complaint stating that there was no valid contract under the Statute of Frauds, and, that as a matter of law the plaintiffs'

1.  We note that according to Pennsylvania Rule of Civil Procedure, post-trial motions may not be filed to orders disposing of preliminary objections.  Pa.R.C.P. 227.1; *see also U.S. National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985).

2.  The Bocchicchios claim that they have suffered expectation damages in the amount of the promised consideration, $235,000.00, plus costs, interest and damages that have been accruing to date.

3.  Horner acted as a "trustee" or agent of the defendant utility companies involved in this case.  The companies were interested in having Horner negotiate a deal with the Bocchicchios in order to use the Lancaster County land as a right-of-way for a proposed utility.

4.  Specifically, the complaint alleged breach of contract, tortious interference of contract and induced breach involved in the anticipated purchase of the Bocchicchios' ten-acre property located in Lancaster County, Pennsylvania.

complaint failed to state a claim upon which relief could be granted. Appellants filed preliminary objections to the defendants' preliminary objections. The court granted Appellees' preliminary objections and dismissed the underlying action. The Bocchicchios filed a notice of appeal which raises the following issues for our review:

(1) Whether the Court below erroneously construed the facts of the complaint against Plaintiffs instead of in the light most favorable to Plaintiffs?

(2) Whether the Court below erred in finding that no writing existed which created an interest in land, and then erred in applying the Statute of Frauds to sustain the Defendants' preliminary objections?

(3) Whether the Court below erred by allowing Defendants to raise the Statute of Frauds by preliminary objections?

■ The scope of review regarding the granting of preliminary objections in the nature of a demurrer, on the basis of an issue of law, is plenary. *Realty Group Associates, Inc. v. Divosevic,* 408 Pa.Super. 326, 596 A.2d 880 (1991). All properly pleaded facts and inferences reasonably deducible from the complaint are admitted. *Id.* When ruling upon preliminary objections, a trial court should only sustain the objections and dismiss a complaint when the case is free and clear from doubt. *Chiropractic Nutritional Assoc., Inc. v. Empire Blue Cross and Blue Shield,* 447 Pa.Super. 436, 669 A.2d 975 (1995). Our court will reverse the trial court's decision only if there has been an error of law or a clear abuse of discretion. *Miller v. Peraino,* 426 Pa.Super. 189, 193, 626 A.2d 637, 639 (1993).

■ We must first address whether the trial court properly entertained the defendants' preliminary objections. The Bocchicchios assert that according to our rules of civil procedure the Appellees incorrectly asserted the defense of statute of frauds in preliminary objections rather than through a responsive pleading entitled "New Matter."

Pennsylvania Rule of Civil Procedure 1030 states:

(a) Except as provided by subdivision (b), **all affirmative defenses including** but not limited to the defenses of accord and satisfaction, arbitration, and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, latches, license, payment, privilege, release, res judicata, *statute of frauds*, statute of limitations, truth and waiver **shall be pleaded in a responsive pleading under the heading "New Matter"**. A party may set forth as new matter any other material facts which are not merely denials of the averments of the proceeding pleading.

Pa.R.C.P. 1030(a) (emphasis added). Furthermore, Pa.R.C.P. 1032 states that:

(a) A party waives all defenses and objections which are not presented either by preliminary objections, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b) . . . and any other non-waivable defense or objection.

Pa.R.C.P. 1032(a).

The language of Rule 1030 is clear and unambiguous; it mandates that a party allege the Statute of Frauds defense by way of new matter. *See Frankel v. Northeast Land Co.*, 391 Pa.Super. 226, 570 A.2d 1065 (1990) (in action for potential purchasers against subsequent purchasers for specific performance of sale of condominium, trial court could not determine whether action was barred by Statute of Frauds when defendants objected to action through filing preliminary objections; "a possible failure to comply with the statute of frauds is not grounds for sustaining preliminary objections in the nature of a demurrer;" "to say that a possible affirmative defense exists is not to say that such a complaint is legally insufficient on its face."); *American Leasing v. Morrison Co.*, 308 Pa.Super. 318, 454 A.2d 555 (1982) (statute of frauds relating to interest in land can be waived by failure to raise issue in new matter in responsive pleading). *See generally Holmes v. Lankenau Hospital*, 426 Pa.Super. 452, 627 A.2d 763 (1993) (affirmative defenses not raised in new matter in accordance with rules are

waived); *Iorfida v. Mary Robert Realty Co., Inc.,* 372 Pa.Super. 170, 539 A.2d 383 (1988) (same).

Our rules of court, however, mandate that:

The rules of civil procedure should be liberally construed in order to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126; 42 Pa.C.S.A. The trial court mirrored the reasoning of Rule 126 when it offered an explanation for its consideration of the defendants' objections:

The court will consider the statute of frauds at this juncture in the case.... With the additional time, expense to all parties and a duplication of effort on the part of the court, all parties, including the court, would find themselves at the same place with the same issues on the same facts three to six months from now. **It appears that the interest of judicial economy would best be served by addressing the statute of frauds issue on the present state of the record.**

Giving due consideration to the tendency to liberally construe the rules when the parties to an action will not suffer prejudice, we cannot overlook either the explicit language of or the intent behind Rules 1030 and 1028. *See Evans v. D'Iorio,* 360 Pa.Super. 45, 48 n. 2, 519 A.2d 983, 984 n. 2 (1987) (where our court explicitly held that it is improper for a trial court to acknowledge the existence of the mandatory nature of Rule 1030, but choose to disregard it in the interest of speedy resolution of a dispute). In addition to the procedural parameters of these rules, the Note following sub-section (4) of Rule 1028(a) also specifically mandates that *"[t]he defense of statute of frauds* or statute of limitations **can be asserted only in a responsive pleading as new matter under Rule 1030."** *See* Note, Rule 1028 (emphasis added); *see also Webb Mfg. Co. v. Sinoff,* 449 Pa.Super. 534, ——, n. 1, 674 A.2d 723, 724 n. 1 (1996) (same).

While our Rules specifically note the mandatory nature of raising these two affirmative defenses in new matter rather than by preliminary objections, the Notes to Rule 1028 make no mention of the remaining, enumerated affirmative defenses listed in Rule 1030(a). We can offer only one explanation for such a distinction among the defenses: the fact that the statute of frauds and statute of limitations are specialized affirmative defenses which, because of their waivable nature, must be raised only by new matter in a defendant's answer. *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *see also* **GOODRICH–AMRAM 2d § 1028(b)(1)** ("Rule 126 which stresses a liberal construction of the Rules, cannot be construed to permit a waiver of Rule 1028(b). Rule 126 is not to be employed promiscuously to permit noncompliance with the other rules.").[5]

The difference between the two forms of pleadings embodied by Rules 1028 and 1030 may also clarify the present issue. In a preliminary objection, the defendant proffers a reason why the plaintiff's action is either legally or procedurally **deficient** in some respect. In new matter, the defendant, assuming the complaint to be true, avers that a defense exists to defeat the plaintiff's cause of action. While the result of both pleadings may be similar—eradicating the viability of the plaintiff's cause of action—the reason behind sustaining such defenses or objections differs. In an effort to preserve these important procedural differences and in light of the strong public policy behind the waivable statute of frauds defense, we cannot overlook the trial court's sanction of the defendant's failure to comply strictly with our procedural rules.

**5.** The Statute of Frauds is a legal theory deeply rooted in public policy: That is, the terms purporting to convey an interest in land must be manifest in writing, in order to make the contract enforceable. The property must be adequately described, the consideration must be set forth, and the agreement must be signed by the party to be charged (citing *Keil v. Good*, 467 Pa. 317, 356 A.2d 768 (1976)).... The Statute of Frauds relating to interests in land constitutes a declaration of public policy, and consequently, can be waived by failing to raise the issue in new matter in a responsive pleading. *Brown v. Hahn*, 419 Pa. 42, 213 A. 2d 342 (1965); *Bethlehem Steel Corp. v. Tri-State Indust.*, 290 Pa. Super. 461, 434 A.2d 1236 (1981).
*American Leasing*, 308 Pa. Super. at 323–24, 454 A.2d at 557.

Based upon the clear language and intent of the Rules, we find that the trial court abused its discretion by granting Appellees' preliminary objections; the defense of Statute of Frauds should have been raised by way of new matter. *Miller, supra; Evans, supra;* Pa.R.C.P. 1030. *Cf. Vintage Homes, Inc. v. Levin,* 382 Pa.Super. 146, 554 A.2d 989 (1989) (statute of frauds defense to suit for alleged agreement to sell real property was sufficiently pleaded in defendant's new matter).[6]

Order reversed.[7]

---

6. Finally, we note that the holding of this case is strictly limited to situations where plaintiffs have properly preserved any objections to the content of a defendant's preliminary objections. *See Preiser v. Rosenzweig,* 418 Pa.Super. 341, 614 A.2d 303 (1992) (when a plaintiff objects to the matters contained in a defendant's preliminary objection, and assets that such matter should have been raised via an answer and new matter, the plaintiff is *required* to file a preliminary objection to defendant's preliminary objection and raise the procedural defect); *see also Duquesne Slag Prod. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980) (a plaintiff waives the right to object to a defendant's form of pleading if he or she fails to file preliminary objections to defendant's preliminary objections); *Heinrich v. Conemaugh Valley Mem. Hosp.,* 436 Pa. Super. 465, 648 A.2d 53 (1994) (same); *Clay v. Advanced Computer Applications,* 370 Pa. Super. 497, 536 A.2d 1375 (1988) (same). *See generally Ambrose v. Cross Creek Condominiums,* 412 Pa. Super. 1, 602 A.2d 864 (1992) (a party has a right to file a preliminary objection raising any appropriate defenses or objections which that party might have to an adverse party's preliminary objection); *see also* Pa.R.C.P. 1028 (preliminary objections may be filed by any party claiming a pleading fails to conform to law or rule of court).

In the present case, the Bocchicchios have preserved this issue on appeal by filing preliminary objections to the defendants' preliminary objections. *Cf. Webb Mfg. Co. v. Sinoff,* 449 Pa. Super. 534, 674 A.2d 723 (1996) (where appellees failed to raise the statute of frauds defense in new matter, rather than in preliminary objections, trial court should have dismissed the preliminary objection; because neither party, however, raise this procedural error or challenged the trail court's decision to grant preliminary objections, our court would not reverse order on this basis); *Taras v. Wausau Ins. Co.,* 412 Pa. Super. 37, 602 A.2d 882 (1992) (where appellants failed to challenge the propriety of appellees' raising of immunity in its preliminary objections rather than in new matter either before this court or the trial court, we can properly rule on the preliminary objections).

7. Having determined that Appellees' preliminary objections were improperly granted, we need not address the remaining issues on appeal involving the trial court's decision to sustain these objections.