**Mark P. SOLOMON, M.D. and Regional Neurosurgical Associates, P.C., Individually and on Behalf of All Others Similarly Situated, Appellants,**

v.

**UNITED STATES HEALTHCARE SYSTEMS OF PENNSYLVANIA, INC. and Aetna, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 30, 2002.

Filed April 16, 2002.

Mark C. Rifkin, Jenkintown, for appellants.

Burt M. Rublin, Philadelphia, for Aetna, Inc., appellee.

Before: JOHNSON, MUSMANNO and BROSKY, JJ.

BROSKY, J.

¶ 1 Mark P. Solomon, M.D. and Regional Neurosurgical Associates, P.C. appeal from the trial court's entry of summary judgment against them in addition to dismissal of the remaining count of their second amended complaint. Appellants raise

numerous issues, all of which allege error by the trial court in refusing to permit them to proceed on their causes of action. After careful review, we affirm.

¶ 2 The facts underlying this dispute are not complicated. Appellant Dr. Solomon has an agreement with Appellee Aetna, Inc. to provide certain health care services to Aetna's subscribers, for which Aetna makes payment.[1] Prior to non-emergency treatment by Dr. Solomon or another specialist, however, a subscriber must first obtain an evaluation by his or her primary care physician and a referral to the specialist. This scenario is commonly referred to as "pre-certification." The subscriber is then evaluated by the specialist, who submits a claim to Aetna. These claims are generally paid promptly at a set reimbursement rate. If further treatment by the specialist is indicated, pre-certification must again be obtained.

¶ 3 Appellants commenced this action alleging that Aetna failed to make payment for medical services rendered according to their agreement, specifically by improperly denying some claims and unreasonably delaying payment on others. The original and first amended complaints set forth six separate counts: breach of contract, breach of an implied covenant of good faith and fair dealing, unjust enrichment, fraud, conversion, and negligent misrepresentation. Appellees filed preliminary objections to the first amended complaint, the majority of which the trial court sustained, dismissing all counts except that for breach of contract. Thereafter the trial court granted Appellants leave to file a second amended complaint which set forth a new count alleging violation of the Pennsylvania Quality Health Care Accountability and Protection Act (hereafter Health Care Act), 40 P.S. §§ 991.2101 *et seq.*

¶ 4 Procedurally Appellants were then proceeding on only two counts, namely breach of contract and violation of the Health Care Act. They sought damages (including interest and costs),[2] as well as declaratory and injunctive relief. Appellees filed a motion for summary judgment on the breach of contract claim, and preliminary objections to the new Health Care Act claim. Appellants also moved for summary judgment on the breach of contract claim and filed preliminary objections to the preliminary objections of Appellees. The trial court granted the summary judgment motion of Appellees, and sustained their preliminary objections to the Health Care Act claim thereby dismissing it. This timely appeal followed.

¶ 5 We first note our standard of review on an appeal from the grant of summary judgment. "[W]e must view the evidence in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Keystone v. Pennsylvania Property & Casualty Insurance Guaranty Assoc.*, 777 A.2d 84, 89 (Pa.Super.2001) (citation omitted). Summary judgment is appropriate where the moving party has established that no genuine issue of mate-

---

1. Regional Neurological Associates, P.C. was a partnership of two other physicians who had similar contracts with Aetna. Appellants commenced this action with the filing of a Class Action Complaint on behalf of all similarly situated physicians who have agreements with the Appellees. The complaint also alleges that Appellee United States Healthcare Systems owns Aetna.

2. It is apparent that Appellants are presently making no claim for reimbursement of the actual claims, but rather are simply seeking an award of interest on claims paid more than thirty days after submission. *See* Deposition of Dr. Solomon, 4/7/00, at 170–72.

rial fact exists such that judgment is proper as a matter of law. *Id.;* Pa. R.C.P. 1035.2. Our scope of review is plenary. *Keystone, supra.* And, a trial court's order granting or denying summary judgment will be reversed only where it is established that the court committed an error of law or abused its discretion. *Pappas v. Asbel,* 564 Pa. 407, 768 A.2d 1089 (2001).

¶ 6 And, when we review a trial court's order granting preliminary objections in the nature of a demurrer,

> We must accept as true all the well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts. Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim on which relief may be granted, and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible.

*Atkinson v. Evans,* 787 A.2d 1033, 1034 (Pa.Super.2001)(quoting *Reformed Church of the Ascension v. Theodore Hooven & Sons, Inc.,* 764 A.2d 1106, 1109 (Pa.Super.2000)). We shall review Appellants' arguments with these standards in mind.

■ ¶ 7 Appellants state seven issues relating to their claim for breach of contract, all of which relate solely to the grant of summary judgment. We shall address them in the order presented.[3] In their first and second arguments, Appellants contend that the obligation to pay for services within a "reasonable period" is implied in a contract which is otherwise silent on time for performance. Brief for Appellant at 15. Thus, Appellants assert, a genuine issue of material fact exists as to what is a "reasonable time" for Appellees' performance under the contract, and the trial court therefore erred in entering judgment as a matter of law.

■ ¶ 8 We observe the well-settled rule that when interpreting a contract, a court must construe it as it is written, giving effect to the clear language and plain meaning of the words. *Kelaco v. Davis & McKean,* 743 A.2d 525 (Pa.Super.1999). And, where the contract terms are clear and unambiguous, there is no need to consider other evidence to interpret those provisions. *Id.* Essentially, Appellants contend that because the contract did not specify a time for payment, we should imply that there is a duty on the part of Appellees to pay claims within a reasonable time. Appellants cite *Hodges v. Pennsylvania Millers Mutual Insurance Co.,* 449 Pa.Super. 341, 673 A.2d 973 (1996) in support of this argument. In *Hodges,* the insureds submitted a claim for damage to their residence on the date of the occurrence in December 1992. The insureds and the insurance company could not agree on the amount of the loss, and in December 1993 the insureds filed a civil action. In November 1994, the insurance company requested that the suit be dismissed so that the parties could pursue an appraisal as specified in the policy. The trial court dismissed the complaint, and on appeal this Court reversed and remanded for trial. We concluded that the policy language providing for appraisal upon request of either party which did not specify a time therefor must be invoked within a

---

**3.** We note that the Pennsylvania Medical Society and the American Medical Association filed a brief as *amici curiae* in support of Appellants, echoing many of the issues raised by Appellants. *Amici curiae* also makes an argument that the agreements between Appellants and Appellees are contracts of adhesion. We cannot consider this argument, however, as it was not raised by Appellants. *See Commonwealth v. Cotto,* 562 Pa. 32, 753 A.2d 217, 225 n. 6 (2000)("An *amicus curiae* is not a party and cannot raise issues that have not been preserved by the parties.")(citing Pa. R.A.P. 531(a)).

reasonable time. We recognized general contract law that courts will require performance of an obligation within a "reasonable" time where no time is specified. 673 A.2d at 974–75, citing *inter alia* Restatement (Second) of Contracts § 204 ("when the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court[.]"). *Id.* at 975 (emphasis added). We also concluded that the lapse of time which occurred before the company sought an appraisal caused prejudice to the insureds, and we refused to interpret the contract to require the appraisal after a 23–month delay.

■ ¶ 9 We find the facts of *Hodges* to be easily distinguishable from the case *sub judice*. Moreover, we do not construe its holding to mean that any time a term in a contract is not specified, the courts must rewrite that agreement and supply the missing term. On the contrary, the law is clear that a court "may imply a missing term in a parties' contract only when it is necessary to prevent injustice and it is abundantly clear that the parties intended to be bound by such term." *Kaplan v. Cablevision of PA, Inc.*, 448 Pa.Super. 306, 671 A.2d 716, 720 (1996). Appellants have not established that an injustice would be prevented by inserting a "reasonable time" term into the parties' agreement, nor are we persuaded that there is any clear intent by the parties to be bound by such a term. Moreover, we do not perceive that imposition of a thirty day time period for payment of claims as suggested by Appellants is "essential to a determination of [the

parties'] rights and duties." *Hodges, supra*, 673 A.2d at 975.[4] We find no error by the trial court in refusing to insert this term into the agreement, and therefore reject Appellants' first two arguments on the breach of contract claim.

■ ¶ 10 In the next two arguments, Appellants contend that because the agreement required payment within a "reasonable period of time," the trial court erred in considering the conduct of the parties. Brief for Appellants at 20. We have already rejected Appellants' contention that this term must be implied and/or supplied by the court. Moreover, we disagree with Appellants' argument. Our Supreme Court recently reiterated that, "[w]herever reasonable, the manifestations of intention, of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance, course of dealing, or usage of trade." *Sunbeam Corporation v. Liberty Mutual Insurance Co.*, 566 Pa. 494, 781 A.2d 1189 (2001)(quoting Restatement (Second) of Contracts § 202(5)). The trial court noted that during the parties' fifteen year relationship, no specific time period for payment ever developed, nor was interest ever paid on claims. Certainly the parties' longstanding course of performance was relevant to a determination of whether the parties intended to impose such an obligation. We find no error by the trial court in considering the parties' conduct in its efforts to ascertain their intent. This argument also fails.

¶ 11 Next Appellants contend that the Health Care Act requires "prompt payment" and thus Appellees' delayed reimbursement is unlawful. This argument,

---

4. We also find Appellants' reliance on *Hutchinson v. State Employes' Retirement Board*, 738 A.2d 7 (1999), to be misplaced. That case involved an interpretation of the statutory terms of the State Employees' Retirement

Code (71 Pa.C.S.A. §§ 5101–5956) which did not specify the time for payment of a death benefit. The facts of *Hutchinson* are clearly distinguishable from the case at bar.

however, pertains solely to the count raising violation of that Act (which will be discussed *infra*), and has no application to the trial court's grant of summary judgment on the breach of contract claim. We find no merit to the contention that the Health Care Act can be interpreted to rewrite the parties' written agreement.

¶ 12 Appellants next argue that Appellees were required to perform their obligation in good faith, and that Appellees' failure to pay claims within a reasonable time violates this duty. The trial court concluded that Appellants failed to establish that Appellees' conduct amounts to breach of contract. We agree. Appellants correctly state that "[e]very contract in Pennsylvania imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." *Donahue v. Federal Express Corp.*, 753 A.2d 238, 242 (Pa.Super.2000). However, we are not persuaded by Appellants' argument that Appellees failed to act in good faith and deal fairly with Appellants simply because some claims were paid sooner than others. We reiterate that the agreement between the parties did not include an obligation to pay claims within any specific time period. We refuse to imply one simply because Appellants speculate that Appellees have failed to provide reimbursement as soon as possible. This claim also fails.

¶ 13 Lastly with respect to the breach of contract claim, Appellants contend that they are entitled to interest because Appellees failed to make timely payments. The flaw in this contention is that the agreement does not provide for performance within the specific time period Appellants urges us to infer, nor have we implied one. Nor does the agreement provide for the payment of interest. Consequently, we find no basis to conclude that Appellants are entitled to interest on their claims, and reject this contention. And, as we have found no merit to any of the arguments raised regarding the grant of summary judgment to Appellees, we shall affirm that order of the trial court.

¶ 14 We next turn to Appellants' contentions that the Health Care Act provides them with a cause of action. First, Appellants assert that the trial court erred in failing to grant their preliminary objections to the preliminary objections filed by Appellees. Appellees' preliminary objections to the count raising the Health Care Act included an attached exhibit in the form of two documents from the Insurance Department's internet website, both of which related to enforcement of the Health Care Act by the Department. Appellants' preliminary objections to those preliminary objections asserted that the attachment constituted a "speaking demurrer" and as such should not be considered. In response, Appellants filed a reply which asked the trial court to ignore the attached exhibit when ruling on the merits of its preliminary objections.

¶ 15 Appellants now contend that because the trial court did not grant their preliminary objections, its order granting the demurrer of Appellees was in error. We do not agree. Appellants cite *Bocchicchio v. General Public Utilities Corp.*, 456 Pa.Super. 23, 689 A.2d 305 (1997) in support of their argument that the trial court's order must be reversed because of the exhibit attached to Appellees' preliminary objections. In *Bocchicchio*, the defendants filed preliminary objections raising the defense of the Statute of Frauds instead of pleading the defense by way of new matter as required by Pa.R.C.P. 1030. We concluded that the trial court abused its discretion in ruling on the preliminary objections because the Statute of Frauds is a defense to the cause of action, in contrast to a preliminary objection which raises a deficiency of the plaintiff's claim.

¶ 16 We find *Bocchicchio* easily distinguishable. In the present case, the only portion of Appellees' preliminary objection which Appellants challenged was an exhibit which was withdrawn from consideration by the trial court. The propriety of the substance of Appellees' preliminary objections was not questioned. Moreover, we have recognized that a court may take judicial notice of public documents in ruling on a preliminary objection in the nature of a demurrer. *Bykowski v. Chesed, Co.,* 425 Pa.Super. 595, 625 A.2d 1256, 1258 n. 1 (1993). We therefore find no error on the part of the trial court in refusing to grant Appellants' preliminary objections.[5]

¶ 17 Finally, we address Appellants' contention that the trial court erred as a matter of law when it concluded that the Health Care Act does not provide a private right of action for violations of that Act. The trial court examined various sections of the Act pointed out by Appellants, and rejected their claim that they should be permitted to maintain that cause of action against Appellees. On appeal, Appellants argue that a private right of action exists for violation of the Act's provision for prompt payment. They cite *Estate of Witthoeft v. Kiskaddon,* 557 Pa. 340, 733 A.2d 623 (1999) in support of this contention.

¶ 18 In *Witthoeft,* our Supreme Court addressed the question of whether the Vehicle Code and its regulations expressly or implicitly provided for a private remedy for a physician's failure to report a driver's disabling condition. The Court analyzed the three factors set forth by the U.S. Supreme Court in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), for making a determination of whether a stat-ute implicitly creates a private right of action. Those factors are:

[f]irst, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,'—that is, does the statute create a ... right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff?

*Witthoeft,* 733 A.2d at 626 (quoting *Cort,* 422 U.S. at 78, 95 S.Ct. 2080) (emphasis in original). The *Witthoeft* Court also reiterated that the second factor is the "central inquiry." 733 A.2d at 626.

¶ 19 The Health Care Act is set forth in 40 P.S. §§ 991.2101—991.2193. The provision on which Appellants seek to base their claim reads in relevant part as follows.

§ 991.2166. **Prompt payment of claims**

(a) A licensed insurer or a managed care plan shall pay a clean claim submitted by a health care provider within forty-five (45) days of receipt of the clean claim.

(b) If a licensed insurer or a managed care plan fails to remit the payment as provided under subsection (a), interest at ten per centum (10%) per annum shall be added to the amount owed on the clean claim.

40 P.S. § 991.2166. A "clean claim" is defined as "[a] claim for payment for a health care service which has no defect or impropriety." 40 P.S. § 991.2102.

¶ 20 With respect to the first factor in the *Cort* analysis, we do agree that Appellants appear to be members of the class for whose benefit the statute was enacted,

---

**5.** Additionally we note that Appellants concede in their brief that a court may take judicial notice of enforcement action by the Insurance Department. Brief for Appellant at 43 n. 27.

namely health care providers. However, "[t]he violation of a statute and the fact that some person suffered harm does not automatically give rise to a private cause of action in favor of the injured person." *Witthoeft*, 733 A.2d at 627. Our review of the Act reveals no indication of legislative intent, explicit or implicit, to create a private remedy. Thus the second factor, the "central inquiry," does not favor Appellants. Moreover, the regulations promulgated under the Health Care Act evidence a strong indication that no private cause of action exists. Instead, the regulations provide an administrative procedure for a health care provider to file a complaint with the Insurance Department. 31 Pa. Code § 154.18. Nor do we find support for the proposition that a private right exists after consideration of the third factor, whether the underlying purpose of the legislative scheme is served by implying such a remedy for Appellants. On the contrary, the provisions of the Health Care Act (and its implementing regulations) clearly set forth a system of managed health care accountability to be enforced by the Insurance Department, not by a private action in the courts.

¶ 21 Accordingly, upon application the three-pronged *Cort* test, we conclude that no private cause of action exists for enforcing the prompt payment provision of the Health Care Act. We therefore agree with the trial court that Appellants have failed to set forth a cause of action upon which relief may be granted. Consequently, the trial court properly sustained Appellees' demurrer to this count of Appellants' complaint.

¶ 22 For the foregoing reasons, we conclude that the trial court did not err in granting summary judgment in favor of Appellees and against Appellants. We also conclude that the trial court properly sustained Appellees' preliminary objec-

tions and dismissed the complaint. The orders appealed from must therefore be affirmed.

¶ 23 Orders affirmed.