J-S13011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ZACHARY CLAYTON CAPRIOTTI :
:
Appellant : No. 1269 MDA 2024

Appeal from the Order Entered July 24, 2024
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000475-2006

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: APRIL 25, 2025**

Zachary Clayton Capriotti appeals *pro se* from the order entered by the Bradford County Court of Common Pleas on July 24, 2024, denying his motion to modify restitution. After careful review, we affirm.

In 2007, Capriotti was sentenced to a term of incarceration and to pay court costs and restitution. The criminal docket indicates payments, albeit all minor amounts, made in 2008, 2010, 2011, 2013, 2014, 2017, 2018, 2020, 2023, and 2025. *See* Docket Sheet, CP-08-CR-0000475-2006, at 12-13; *Solomon v. U.S. Healthcare System of PA, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002) (acknowledging a court may take judicial notice of public docket sheets); Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts deriving from sources whose accuracy cannot reasonably be questioned).

On July 9, 2024, Capriotti filed a motion to modify restitution order and court costs, alleging he received a collection notice from the trial court on June 3, 2024 regarding an amount owed of $26,857.10, causing deductions of Capriotti's income of 25%.[1] The motion does not specify exactly when the deductions began or were set to begin. The trial court denied the motion. This timely appeal followed.

Capriotti raises the following issues on appeal:

1. Whether the Bradford County court violated [Capriotti]'s Fourteenth United State[s] Constitutional Right and his Pennsylvania Constitutional Right under Article 1 subsection 9, under due process, by and through the court's failure to hold a hearing regarding collection of inmate debts under, 42 Pa. C.S.[A.] § 9730, to determine whether [Capriotti] had the ability to pay.

2. Whether the Bradford County court violated [Capriotti]'s due process protections under the Doctrine of Laches, through Act 84 - Garnishment of Inmate accounts for fines, court costs and restitution, after conviction had expired over a decade ago.

Appellant's Brief, at 3 (cleaned up).

Preliminarily, we note that in the motion to modify restitution, Capriotti sought to modify the amount of restitution in this case down to $0.00 pursuant to 18 Pa.C.S.A. § 1106(c)(3), which permits the trial court, in its discretion, to alter or amend an order of restitution, as long as the court states its reasons for doing so on the record. **See** Motion to Modify Restitution, 7/9/24, at ¶ 15.

---

[1] The collection notice, which is the basis of the underlying motion, is not a part of the record. There is also no indication in the record or on the docket that the trial court issued any such notice in June 2024.

Capriotti conceded it was his "fault for forgetting these debts" but asked for mercy based on the burden that an unrelated case from another county had placed on him, for which he is currently serving a lengthy term of imprisonment. *See id.* at ¶ 14.

However, on appeal, Capriotti, for the first time, seeks modification of his restitution down to $0.00 based on his claims that his constitutional due process rights have been violated pursuant to 42 Pa. C.S.A. § 9730 and Act 84, 42 Pa. C.S.A. § 9728(b). The essence of Capriotti's claims on appeal is that the court should have held a hearing to determine his ability to pay and that the court's attempt to collect money from him is otherwise untimely because he alleges that since he completed his incarceration sentence in 2012, he has not made a payment to the trial court on this matter, and the trial court "has never sought a payment." Appellant's Brief, at 12. As these claims were never raised with the trial court, we find they are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Spone*, 305 A.3d 602, 608-09 (Pa. Super. 2023) (citing Rule 302(a) and stating "[e]ven issues of constitutional dimension cannot be raised for the first time on appeal.").

In any event, we find Capriotti's reliance on the above statutes is misplaced. Capriotti seeks to stop all Act 84 deductions from his prison account, by asserting the current deductions are untimely under the doctrine of laches. Specifically, Capriotti does not challenge the authority to make

deductions under Act 84 but argues Act 84 deductions are not proper at the current time because the court waited 10 years after the completion of his prison term to begin the Act 84 deductions.

Section 9728(b) of the Sentencing Code, commonly known as Act 84, provides in pertinent part:

> (3) The county clerk of courts shall, upon sentencing, ... transmit to ... the Department of Corrections ["DOC"] ... copies of all orders for restitution ..., reparation, fees, costs, fines and penalties. This paragraph also applies in the case of costs imposed under section 9721(c.1) (relating to sentencing generally).
>
> ....
>
> (5) Deductions shall be as follows:
>
>> (i) The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1) … and any other court-ordered obligation.
>>
>> …
>>
>> (iii) Any amount deducted under this paragraph shall be in addition to the full amount authorized to be collected pursuant to any order for support. Any amount deducted shall be transmitted to the probation department of the county or other agent designated by the county commissioners with the approval of the president judge of the county in which the offender was convicted.
>>
>> (iv) The [DOC] … shall develop guidelines relating to its responsibilities under this paragraph. …

42 Pa.C.S.A. § 9728(b)(3), (5)(i), (5)(iii), (5)(iv).

It is well established that the Commonwealth court enjoys exclusive original jurisdiction over Act 84 claims pursuant to 42 Pa.C.S.A. § 761(a). ***See***

*Commonwealth v. Danysh*, 833 A.2d 151, 153-54 (Pa. Super. 2003); *see also Commonwealth v. Jackson*, 858 A.2d 627, 629 (Pa. Super. 2004) (*en banc*) (applying the rationale in *Danysh*).

Applying this principle to the instant case, the trial court did not have subject matter jurisdiction over any Act 84 claim. Instead, Appellant should have sought relief to stop the DOC from withdrawing funds from his inmate account before the Commonwealth Court via a petition for review of governmental action. *See Danysh*, 833 A.2d at 153-54.

To the extent Capriotti asserts this Court has jurisdiction over his claim because he now raises a theory under the doctrine of laches, we find such a claim is also waived, as Capriotti did not raise this claim in the underlying motion before the trial court; nor did he raise this claim in his 1925(b) concise statement. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived" for appellate review.).

Capriotti also argues the trial court violated his constitutional due process rights by failing to hold an ability-to-pay hearing pursuant to 42 Pa. C.S.A. § 9730, prior to the deductions at issue.

Section 9730 authorizes the treasurer of each county to collect costs, restitution and fines via credit cards, debit cards and bank cards and authorizes a wage attachment of up to 25% of defendant's earnings at sentencing to pay those costs, restitution or fines. *See* 42 Pa.C.S.A. §

9730(a), (a.1). Notably, the 25% deduction at issue was not part of Capriotti's 2007 sentence. Rather, the Department of Corrections, not the trial court, began making this deduction in order to collect on the amount owed.

Section 9730 also provides procedures regarding default, relevantly directing as follows:

**(b) Procedures regarding default.**-

(1) If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior district justice appointed by the president judge for the purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay.

(2) If the issuing authority, senior judge or senior magisterial district judge determines that the defendant is financially able to pay the costs, restitution or fine, the issuing authority, senior judge or senior magisterial district judge may enter an order for wage attachment, turn the delinquent account over to a private collection agency or impose imprisonment for nonpayment, as provided by law.

(2.1)(i) If the issuing authority, senior judge or senior magisterial district judge schedules a financial determination hearing for the defendant and provides notice to the defendant of the hearing, but the defendant fails to appear at the financial determination hearing, the issuing authority, senior judge or senior magisterial district judge may turn the delinquent account over to a private collection agency or the county's collection enforcement unit as set forth under section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties), as provided by law.

(ii) In each communication with the defendant, the private collection agency or the county's collection enforcement unit shall notify the defendant of the defendant's right to request

a new financial determination hearing under paragraph (2.2).

(2.2)(i) If the defendant has a delinquent account turned over to a private collection agency or the county's collection enforcement unit under paragraph (2.1), the defendant may request a new financial determination hearing on the defendant's financial ability to pay the court costs, restitution or fines.

(ii) Upon receipt of the request for a new financial determination hearing under this paragraph, the issuing authority, senior judge or senior magisterial district judge shall schedule and conduct the hearing in accordance with this subsection.

42 Pa.C.S.A. § 9730(b)(1)-(2.2)(ii). Capriotti's argument ignores that there is no indication in the record that Capriotti has ever been found in "default" by the trial court, or that the trial court held an initial "ability-to-pay" hearing, which would precede a defendant's request for a new hearing pursuant to Section 9730(b)(2.2). Further, as the Pennsylvania Supreme Court has explained:

[P]ursuant to Section 9730(b) of the Sentencing Code, when a defendant is in default, the court of common pleas conducts a hearing to determine the defendant's ability to pay, and then may order an appropriate payment plan. Section 9730(b) directs the court to consider the defendant's financial resources. However, we agree ... that in granting to the Department the supplementary power to collect court-ordered financial obligations from inmate accounts, the Legislature recognized that the deducted amounts were relatively small and that it was impractical and burdensome for trial courts to conduct an ability to pay hearing anytime the funds in an inmate's account fluctuated.... Section 9728(b)(5) [of the Sentencing Code, Act 84,] provides an additional procedure for deducting restitution, fines, and costs directly from inmate accounts pursuant to a legally[-]imposed sentence.

***Buck v. Beard****,* 879 A.2d 157, 161 (Pa. 2005). Accordingly, this supplementary power granted to the DOC to collect court-ordered financial obligations only empowers the DOC to deduct from Capriotti's inmate account, not from any other assets Capriotti may have. Again, if Capriotti has an issue with these relatively minor deductions, he may seek relief before the Commonwealth Court. ***See Danysh***, 833 A.2d at 153-54.

As we find Capriotti's claims are waived, and otherwise without merit, we affirm the order denying the motion to modify restitution.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/25/2025