IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Maxwell,                         :
                                      :
                Petitioner            :
                                      :
        v.                            : No. 187 M.D. 2024
                                      : Submitted: July 7, 2025
Department of Corrections and         :
Secretary Laurel Harry,               :
                                      :
                Respondents           :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED: October 23, 2025


        Before the Court are the preliminary objections in the nature of a demurrer (POs) filed by the Department of Corrections and Secretary Laurel Harry (together, DOC or Respondents) in response to the *pro se* petition for review in the nature of mandamus (PFR) filed in our original jurisdiction by Dana Maxwell (Inmate), an inmate at the State Correctional Institution at Phoenix (SCI-Phoenix). For the reasons that follow, we sustain the POs and dismiss the PFR with prejudice.

**Background**

In January of 2015, a jury convicted Inmate of attempted burglary,[1] criminal trespass,[2] and possession of an instrument of a crime.[3] *See Commonwealth v. Maxwell* (Pa. Super., No. 2678 EDA 2016, filed January 7, 2020), slip op. at 3 (*Maxwell* I).[4] The sentencing court imposed an aggregate sentence of 12½ to 25 years of state incarceration.[5] *Id.* In turn, the DOC calculated Inmate's sentence.

---

[1] 18 Pa. C.S. §§901(a) and 3502(a)(1).

[2] 18 Pa. C.S. §3502(a)(1)(ii).

[3] 18 Pa. C.S. §907(a).

[4] We have taken judicial notice of the details on record from Inmate's criminal proceedings, as permitted by Pa.R.E. 201(b)(2) (authorizing the judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The DOC observes that a court may take judicial notice of public documents in ruling on a preliminary objection in the nature of a demurrer. *See Solomon v. United States Healthcare Systems of Pennsylvania, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002); *see also Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008 . . . . Non-precedential decisions . . . may be cited for their persuasive value.").

[5] An "aggregate sentence" is defined as "[t]wo or more consecutive sentences that have been combined whereby the aggregate minimum term is the sum of the consecutive minimum terms and the aggregate maximum terms is the sum of the consecutive maximum terms." 204 Pa. Code §309.1(b). Here, Inmate received a 10- to 20-year sentence for the attempted burglary/criminal trespass convictions and a 2-year, 6-month to 5-year sentence for the possession of an instrument of a crime conviction, resulting in a total sentence of 12 years, 6 months to 25 years. *See* PFR, Exhibit I.

Inmate challenged the aggregation of his sentences by filing an inmate grievance. PFR, Exhibits A-H. Ultimately, Inmate's grievance was denied by the DOC. *See* Final Appeal Decision, 3/7/2024, PFR, Exhibit A. Inmate then filed his PFR with this Court on March 28, 2024.

The gist of Inmate's pleading is that the DOC has failed to "faithfully comply with and to implement the [s]entencing [c]ourt's [sentencing order] . . . ." PFR at ¶3e. In this regard, inmate asserts that the sentencing court did not impose a sentence of 12 years, 6 months to 25 years; rather, "[t]he only sentences imposed by the [sentencing court] are Count [I] 'not less than 10 [years], nor more than 20 [years] imprisonment in a SCI' with a consecutive term of 'not less than 2 [years,] 6 [months], nor more than 5 [years] imprisonment in an SCI' . . . ." *Id.* at ¶3d. Inmate emphasizes that "Respondents have no [s]entencing [o]rders signed by [the sentencing court judge] that support Respondents' 12[-year, 6-month to 25-year] . . . sentence interpretation" and, further, that if the sentencing court judge "desired [Inmate] to serve a sentence of 12[-years, 6-months to 25-years] the [sentencing court] would have signed a written [s]entence [o]rder . . . ." *Id.* at ¶¶3g, 3i. Thus, Inmate maintains that he is "entitled to have the incomplete, inaccurate record and information corrected . . . ." *Id.* at ¶3i.

**Discussion**

In ruling on POs, we accept as true all well-pleaded material allegations in the PFR and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the PFR. *Id.* We may sustain

3

POs only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review [POs] in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). Courts reviewing POs may not only consider the facts pled in the PFR, but also any documents attached to it. *McNew v. East Marlborough Township*, 295 A.3d 1, 8 (Pa. Cmwlth. 2023). It is not necessary for a court to accept as true averments in a complaint that conflict with the exhibits attached to it. *Lawrence v. Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007).

Presently, the DOC argues that Inmate has failed to demonstrate that he is entitled to mandamus relief. In *Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors*, 923 A.2d 1099, 1107-08 (Pa. 2007), our Supreme Court observed:

> Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate or adequate remedy. It may be used to compel performance of a ministerial duty, or to compel action in a matter involving judgment or discretion. However, it may not be used to direct the exercise of judgment or discretion in a particular way, or to direct the retraction or reversal of an action already taken. Mandamus is a device that is available in our system to compel a tribunal or administrative agency to act when that tribunal or agency has been "sitting on its hands."

(Citations omitted).

4

Citing this Court's decision in *Detar v. Department of Corrections*, 898 A.2d 26, 30 (Pa. Cmwlth. 2006), the DOC admits that it is charged with "faithfully implementing the sentences imposed by the [sentencing] courts." Further, the DOC notes, a court may compel the DOC to properly compute a prisoner's sentence. *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). Nevertheless, the DOC asserts, "courts may not impose or compel an illegal act." *Detar*, 898 A.2d at 26.

To the extent Inmate argues that the DOC improperly calculated his sentence, the DOC points out that information contained on Inmate's criminal docket at No. CP-51-CR-0004736-2013,[6] reflects that Inmate's sentences were to be served consecutively. Moreover, Inmate failed to attach any sentencing orders to his pleadings that show his sentences were to run concurrently to one another. Finally, the DOC emphasizes that Inmate's PFR acknowledges that his sentences were to run consecutively. *See* PFR at ¶¶ 3d.-3f.; and 3h. Thus, Inmate's assertions that his sentence calculations are incorrect are meritless.

We agree. Undoubtedly, the DOC is an administrative agency bound to follow a sentencing court's order. *See Oakman v. Department of Corrections*, 903 A.2d 106, 109 (Pa. Cmwlth. 2006). There is no indication, however, that the DOC failed to follow the sentencing court's order in this case. Contrary to Inmate's assertions, it is apparent that his aggregate sentence resulted from the sentencing court's imposition of *consecutive* sentences and that the DOC's calculation was proper. *See Maxwell* I; DOC's POs, Exhibit A; PFR, Exhibit I.

---

[6] The DOC attached Inmate's criminal docket as Exhibit A to its preliminary objections and brief in support of preliminary objections.

## Conclusion

Because it is clear Inmate cannot succeed on his request for mandamus relief, we must sustain the DOC's preliminary objection in the nature of a demurrer and dismiss Inmate's PFR with prejudice.[7]

_____
MICHAEL H. WOJCIK, Judge

---

[7] In light of our disposition, we need not address the DOC's remaining POs. Additionally, we note that to the extent Inmate's petition for review may be interpreted as seeking, in the alternative, appellate review of the denial of his grievance, this Court lacks appellate jurisdiction. *See Bronson v. Central Office Review Committee*, 721 A.2d 357, 358 (Pa. 1998) (the DOC's adjudications of inmate grievances are purely internal to the DOC and in that capacity, the DOC does not function on the level of a government agency; thus, this Court did not have appellate jurisdiction over an inmate's appeal from a grievance proceeding).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Maxwell,                        :
                                     :
                    Petitioner       :
                                     :
        v.                           :  No. 187 M.D. 2024
                                     :
Department of Corrections and        :
Secretary Laurel Harry,              :
                                     :
                    Respondents      :

# **O R D E R**

AND NOW, this 23rd day of October, 2025, the preliminary objection in the nature of a demurrer of the Department of Corrections and Secretary Laurel Harry is SUSTAINED. Dana Maxwell's petition for review is DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge