**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2453

_____

CHRISTOPHER TEMPLIN; VIOLA HENDRICKS;
FELDMAN'S MEDICAL CENTER PHARMACY, INC.;
FCS PHARMACY LLC,

Appellants

v.

INDEPENDENCE BLUE CROSS;
QCC INSURANCE COMPANY; CAREFIRST, INC.

_____

No. 11-3443

_____

CHRISTOPHER TEMPLIN; VIOLA HENDRICKS;
FELDMAN'S MEDICAL CENTER PHARMACY INC;
FCS PHARMACY, LLC,

Appellants

v.

INDEPENDENCE BLUE CROSS; QCC INSURANCE
COMPANY; CAREFIRST, INC.; CHRISTOPHER TEMPLIN; VIOLA HENDRICKS;
FELDMAN'S MEDICAL CENTER PHARMACY INC;
FCS PHARMACY, LLC,

Appellants

v.

INDEPENDENCE BLUE CROSS; QCC INSURANCE
COMPANY; CAREFIRST, INC.

No. 11-3583

CHRISTOPHER TEMPLIN; VIOLA HENDRICKS;
FELDMAN'S MEDICAL CENTER PHARMACY INC;
FCS PHARMACY, LLC

v.

INDEPENDENCE BLUE CROSS; QCC INSURANCE
COMPANY; CAREFIRST, INC

INDEPENDENCE BLUE CROSS; QCC INSURANCE,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5-09-cv-04092)
District Judge: Honorable Joel H. Slomsky

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2012

Before: SLOVITER, CHAGARES, and JORDAN, Circuit Judges.

(Filed: June 27, 2012)

OPINION

CHAGARES, Circuit Judge.

This is a dispute over prejudgment interest and attorneys' fees. The plaintiffs, two

individuals and two pharmacies, brought a denial of benefits suit under the Employee

2

Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1001 *et seq.*, and two state law causes of action. The defendants are insurance companies. The District Court ordered the parties to engage in a dispute resolution process, which resulted in approval of all of the plaintiffs' claims for recovery of benefits. These consolidated appeals concern the District Court's decisions (1) to dismiss a claim under Pennsylvania law as lacking a private right of action, (2) to dismiss the remaining claims as moot without considering plaintiffs' request for interest on recovered benefits, and (3) not to award either party attorneys' fees and costs. For the reasons that follow, we will affirm the District Court's rulings on attorneys' fees and its dismissal of the Pennsylvania law claim. We will vacate and remand with regard to the District Court's rulings on mootness.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition. Plaintiffs Christopher Templin and Viola Hendricks are employees of Factor Health Services II, LLC. Factor Health Services is a subsidiary of FCS Pharmacy, LLC ("FCS"), a Florida-based pharmacy wholesaler. Templin and Hendricks participate in an ERISA-governed employee welfare benefit plan offered by Factor Health Services. The plan guarantees them coverage for certain medications that manage hemophilia, a dangerous blood disorder. Defendant QCC Insurance Company ("QCC") issued the plan to Factor Health Services. QCC is a subsidiary of defendant Independence Blue Cross (together, we refer to them as the "IBC defendants"), a Pennsylvania insurance company and a licensee of BlueCross BlueShield Association. The third defendant, CareFirst, Inc.,

3

also is a licensee of BlueCross BlueShield, but operates in Maryland. CareFirst did not provide the plaintiffs insurance or play any role in funding their benefit plan.

Since December 2007, Templin and Hendricks have obtained hemophilia medication from plaintiffs FCS and Feldman's Medical Center Pharmacy, Inc. ("Feldman's"), both specialty pharmacies. They set up a relationship whereby they agreed to assign to the pharmacies the right to file claims for reimbursement directly with the IBC defendants and CareFirst. This dispute arose after the pharmacies dispensed medication to Templin and Hendricks and submitted claims to the defendants, some of which were not paid in a timely manner.

Alleging wrongful denial of benefits, the plaintiffs filed an initial complaint in September 2009 and a first amended complaint in December 2009. The defendants moved to dismiss on the basis that the plaintiffs had not exhausted administrative remedies. Rather than dismiss the case, the District Court ordered the parties to engage in the dispute resolution process detailed in the plan. As a result of that process, the defendants approved payment for all the plaintiffs' claims. Before the defendants were able to pay the claims in full, however, the plaintiffs filed a four-count Second Amended Complaint. They asserted two claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Counts 1 and 2), a claim against the IBC defendants under the Pennsylvania Quality Health Care Accountability and Protection Act (hereinafter Health Care Act), 40 Pa. Cons. Stat. Ann. § 991.2166 (Count 3), and a claim against CareFirst under Md. Code. Ann., Ins. § 15-1005 (Count 4). The prayer for relief requested payment of claims, declaratory relief, interest, costs, and attorneys' fees.

4

The IBC defendants filed a renewed motion to dismiss. The District Court granted the motion with respect to Count 3, reasoning that § 991.2166 of the Health Care Act did not create a private right of action. On the remaining claims, the court reserved judgment and directed the parties to participate in mediation on the issues of interest, attorneys' fees, and costs. When that process proved unsuccessful, the District Court ordered dismissal on the merits of the remaining claims against the defendants. The plaintiffs' claims for recovery of benefits, reasoned the court, became moot when the defendants approved and paid the claims in full.[1] Recognizing that the issues of attorneys' fees and costs remained unresolved, the District Court indicated that it would entertain any motions requesting such relief after the entry of final judgment. It did not address whether the plaintiffs' demand for interest would be resolved in post-judgment motion practice. The plaintiffs timely appealed the order of dismissal.

The IBC defendants filed a motion for attorneys' fees and costs on May 27, 2011, fourteen days after the entry of final judgment. The plaintiffs filed a motion for attorneys' fees and costs on June 13, thirty-one days after the entry of final judgment. This prompted the IBC defendants to move to strike the plaintiffs' motion as untimely. The District Court agreed that the plaintiffs' motion was filed after the filing period set by Federal Rule of Civil Procedure 54(d)(2) and found no good cause for extending the filing window. See Fed. R. Civ. P. 6(b)(1)(B). Moreover, the District Court explained, it

---

[1] CareFirst did not file a separate motion to dismiss the Second Amended Complaint. But, understanding that mootness is a jurisdictional issue, see Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3d Cir. 2002), the District Court ordered dismissal of the claims for recovery of benefits asserted against CareFirst because, it believed, those claims also became moot once CareFirst paid the plaintiffs' claims in full.

would not award the plaintiffs attorneys' fees even if their motion was timely because they did not achieve "some degree of success on the merits," Hardt v. Reliance Standard Life Insurance Co., 130 S. Ct. 2149, 2158 (2010), and did not convince the court to exercise its discretion to award fees.

The District Court also denied the IBC defendants' request for attorneys' fees. Most rulings made in IBC defendants' favor throughout the litigation, the court explained, were procedural and did not constitute "some degree of success on the merits," id. at 2158, but dismissal of Count 3 was some measure of success on the merits. After considering relevant discretionary factors, however, the District Court declined to award the IBC defendants counsel fees and costs.[2] The plaintiffs appealed the grant of the motion to strike and the denial of their motion for attorneys' fees, while the IBC defendants cross appealed. The appeals have been consolidated and are before us now.[3]

II.

The plaintiffs argue that the District Court erred by (1) dismissing the Health Care Act claim on the basis that the Act does not create a private right of action; (2) granting the IBC defendants' motion to dismiss the Second Amended Complaint on mootness grounds when demand for prejudgment interest remained to be adjudicated; and (3) rejecting their motion for attorneys' fees and costs. The IBC defendants' cross appeal likewise challenges the denial of their motion for attorneys' fees and costs.

---

[2] CareFirst did not seek attorneys' fees and costs.
[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

A.

The plaintiffs first contest the District Court's dismissal of Count 3, the claim for relief under § 991.2166 of the Health Care Act.[4] The District Court dismissed the claim on the basis that § 991.2166 creates no private right of action.[5] It is common ground amongst the parties that the statute does not contain an express right of action. But it was error, the plaintiffs contend, for the District Court not to recognize in the statute an implicit right to sue.

In determining whether § 991.2166 contains an implicit private right of action, we are not without guidance. In Solomon v. United States Healthcare Systems of Pennsylvania, Inc., the Pennsylvania Superior Court applied Pennsylvania's three-part test to determine if the legislature intended to extend to health care providers a right to sue. 797 A.2d 346, 352-53 (Pa. Super. Ct. 2002).[6] Health care providers, the court reasoned, fall within the class of individuals for whose benefit the statute was enacted. Id. However, the legislative history disclosed no intent to create a civil court enforcement remedy for health care providers or for any other private party. Id. at 353.

---

[4] Section 991.2166 requires insurers and managed care plans to pay "clean claims" submitted by health care providers within 45 days of receipt of the claim and sets an interest rate penalty for failure to pay in that time frame. 40 Pa. Cons. Stat. Ann. § 991.2166.

[5] "We review de novo a district court's decision to dismiss the complaint for failure to state a claim upon which relief may be granted." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 158 (3d Cir. 2010).

[6] To determine if there is an implied right of action in a statute, Pennsylvania courts examine whether (1) the plaintiff is "one of the class for whose especial benefit the statute was enacted," (2) the legislative history reveals intent to create or deny a right of action, and (3) a right of action is consistent with the purpose of the legislative scheme. Estate of Witthoeft v. Kiskaddon, 733 A.2d 623, 626 (Pa. 1999).

To the contrary, the administrative procedures established by the implementing regulations indicated that no private right of action exists. Id. Entrusting state agencies with overseeing a dispute resolution mechanism, the regulations anticipate expeditious claim resolution in an administrative forum. Id. (citing 31 Pa. Code § 154.18). But a civil right of action would stymie those administrative processes and undercut the purpose of the legislative scheme. Id. Accordingly, the court concluded, § 991.2166 of the Health Care Act does not create a private right of action. Id. at 352-53.

The plaintiffs urge us to reject Solomon in favor of an unreported District Court decision that unearths in § 991.2166 a cause of action. We decline the invitation to subvert a state court's interpretation of its statute to that of a federal court. Mindful of the proper division of authority between state and federal courts, we defer to a state appellate court's interpretation of its own state's statute absent convincing evidence that the state supreme court would construe the statute differently. Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000); Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 528 n.3 (3d Cir. 1997). The plaintiffs do not argue that the Supreme Court of Pennsylvania would part ways with Solomon. Nor have they offered a persuasive basis for departing from Solomon's reasoning. Their citations to decisions from other states' courts and journal articles carry little weight in the face of a Pennsylvania court's construction of a Pennsylvania statute. We therefore will affirm the dismissal of Count 3 on the basis that that the prompt payment provision contains no implied right of action.

B.

The plaintiffs next object to the District Court's dismissal of the Second Amended Complaint as moot without considering their request for prejudgment interest.[7] They do not dispute that the plea for benefits became moot once the defendants paid in full, but they maintain that it was premature to dismiss the claims before addressing their entitlement to interest on the benefits.[8] Wishing to bypass the question whether the claims were moot irrespective of plaintiffs' lingering demand for interest, the defendants argue that the plaintiffs were never eligible for interest in the first place.

Claims become moot when circumstances evolve to destroy their justiciability. Federal courts lack power to review moot claims because our jurisdiction depends on the presence of a case or controversy. SEC v. Med. Comm. for Human Rights, 404 U.S. 403, 407 (1972); Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004). It is well settled that "[w]here one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." Powell v. McCormack, 395 U.S. 486, 497 (1969). However, "[a]n offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." Weiss, 385 F.3d at 340.

This case poses the question whether payment of withheld benefits constitutes complete relief and thereby moots the case, or whether the plaintiffs' unresolved demand

---

[7] We review a district court's grant of a motion to dismiss on the basis of mootness de novo. OSHA Data/CIH, Inc. v. Dep't of Labor, 220 F.3d 153, 160 (3d Cir. 2000).
[8] The plaintiffs do not argue that their entitlement to interest derives from the plan's terms. They contend only that they were denied the opportunity to ask the District Court to award them interest.

9

for interest on the withheld benefits preserves their personal stake in litigation. The District Court treated the plaintiffs' interest in the case as resolved once the defendants refunded the benefits claims in full. Its opinion acknowledged the plaintiffs' request for attorneys' fees and costs, but made no mention of their plea for interest. The omission is conspicuous, for the District Court had, in an earlier hearing, identified the issues remaining in the case after payment of benefits as "interest, costs and attorneys' fees," and then ordered mediation on those issues. E.g., App. 885:8.

Dismissal of the claims as moot without considering the plaintiffs' entitlement to interest was error. Voluntary payment of withheld benefits after initiation of a lawsuit does not necessarily moot the plaintiffs' claims, since they have requested interest in their complaint. See, e.g., Parella v. Ret. Bd. of the R.I. Employees' Ret. Sys., 173 F.3d 46, 57 (1st Cir. 1999) (holding that claims were not mooted when Rhode Island refunded wrongfully withheld pension benefits because the plan beneficiaries had demanded interest owed under the plan for the period during which payments were not made); Tucson Med. Ctr. v. Sullivan, 947 F.2d 971, 978-79 (D.C. Cir. 1991) (holding that the plaintiff's claims for withheld Medicare benefits did not become moot when the Secretary of Health and Human Services settled the principal reimbursement claims because claims for interest had not been resolved); 13C C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3533.3, at 15-16 (3d ed. 2008) ("[M]ootness is avoided by demands for back pay, medical monitoring . . . , public benefits, and interest." (footnotes omitted)). As the Court of Appeals for the First Circuit explained, "[T]he possibility of even a partial remedy is sufficient to prevent a case from being moot."

10

Parella, 173 F.3d at 57 (citing Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam)).

The next question is whether the plaintiffs were eligible for interest on the benefits. The IBC defendants and CareFirst urge us to uphold dismissal of the Second Amended Complaint on the basis that the plaintiffs cannot recover interest on their claims under ERISA § 502(a)(1)(B) or Maryland law. ERISA § 502(a)(1)(B) provides a cause of action to a participant or beneficiary of a plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The defendants declare that a different provision of ERISA, § 502(a)(3),[9] is the only mechanism for recovery of interest on delayed benefits paid voluntarily, while the plaintiffs insist that § 502(a)(1)(B) can afford the same relief.

Aside from these conclusory assertions, neither party endeavors to explain whether § 502(a)(1)(B) is best interpreted to permit or preclude interest. Because the parties offer no argument on the proper statutory construction of § 502(a)(1)(B), and because the District Court never considered the issue, we will vacate the grant of the motion to dismiss and remand for consideration of whether § 502(a)(1)(B) provides an independent claim for interest, regardless of whether any benefits due under the plan have

---

[9] ERISA § 502(a)(3) provides a cause of action to a "participant, beneficiary, or fiduciary" of an ERISA plan "to obtain . . . appropriate equitable relief . . . to redress . . . violations" of the plan. 29 U.S.C. § 1132(a)(3).

11

been paid.[10]  If so, the plaintiffs' § 502(a)(1)(B) claims are not moot because the

plaintiffs could yet secure a judgment awarding interest based on that statute.  If §

502(a)(1)(B) does not provide an independent basis for a judgment awarding interest,

then the plaintiffs' claims are moot because they have already received the only relief

available to them and they have no live claim left that would entitle them to a judgment

and hence to a discretionary award of prejudgment interest.  Cf. Rumber v. District of

Columbia, 595 F.3d 1298, 1300 n.1 (D.C. Cir. 2010) (explaining that a complaint's

request for monetary relief did not maintain a live controversy where there was "no basis

on which [the plaintiffs could] collect damages").

　　For the same reasons, we will vacate the dismissal of the claim against CareFirst

under Md. Code. Ann., Ins. § 15-1005.  The District Court did not address the plaintiffs'

request for interest under § 15-1005, reasoning only that "[t]he case became moot when

---

[10] We reasoned in Fotta v. Trustees of United Mine Workers of America that "[t]he
principles justifying prejudgment interest also justify an award of interest where benefits
are delayed but paid without the beneficiary's having obtained a judgment."  165 F.3d
209, 212 (3d Cir. 1998).  A "late payment of benefits," whether by means of a judgment
or administrative process, "effectively deprives the beneficiary of the time value of his or
her money."  Id.  The appropriate vehicle for obtaining interest on benefits recovered
without a judgment but after considerable delay, we determined, is ERISA § 502(a)(3).
Id. at 213.  Nevertheless, we declined to decide whether § 502(a)(1)(B) permits an award
of interest after recovery of withheld benefits but absent a judgment in the beneficiary's
favor.  Id. at 213 n.1; see also Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 209
(3d Cir. 2004).  Several of our sister Courts of Appeals, however, find no implied cause
of action in § 502(a)(1)(B) for a claim of interest unless the plan expressly provides for
such relief.  See, e.g., Flint v. ABB, Inc., 337 F.3d 1326, 1329 (11th Cir. 2003); Clair v.
Harris Trust & Sav. Bank, 190 F.3d 495, 497 (7th Cir. 1999).  Because the plaintiffs may
still be able to assert a claim for interest under § 502(a)(3), the question whether §
502(a)(1)(B) provides an independent basis for relief could itself become moot if the
District Court permits the plaintiffs to amend the complaint to assert a claim under §
502(a)(3) or if the plaintiffs choose to file a new complaint for interest under that
statutory provision.

Defendant Carefirst paid the claims." App. 25. As discussed, this was not necessarily correct. And because the § 15-1005 claim was not necessarily moot, the District Court should not have dismissed the claim sua sponte without considering the plaintiffs' entitlement to interest on the benefits recovered from CareFirst under that statute. CareFirst raises a number of arguments as to why the plaintiffs are ineligible for interest under § 15-1005, namely that the provision may not contain a private right of action, may not apply at all to the plaintiffs' claims, and may be preempted by ERISA. It did not raise these arguments in a motion to dismiss the Second Amended Complaint, and we will permit the District Court to consider them in the first instance.[11]

C.

Both the plaintiffs and the IBC defendants challenge the District Court's denial of their motions for attorneys' fees and costs.[12] The District Court granted the IBC defendants' motion to strike the plaintiff's request for attorneys' fees on the basis that it was untimely. Final judgment was entered on May 13, 2011, and the plaintiffs filed their motion a month later, on June 13, 2011. Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires a motion for attorneys' fees to be filed "no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Rule 6(b) excuses

---

[11] CareFirst also challenges the timeliness of the plaintiffs' post-judgment effort to obtain interest. Because the plaintiffs' claims for interest were not necessarily moot, we need not consider whether they were required to seek interest in post-judgment motion practice.

[12] We review a district court's award or denial of attorneys' fees under ERISA for abuse of discretion. Ellison v. Shenango Inc. Pension Bd., 956 F.2d 1268, 1273 (3d Cir. 1992). In so doing, we review its legal determinations de novo and its factual findings for clear error. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305 (3d Cir. 2008).

noncompliance only when a party requests an extension of time before the original deadline or upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1).

There is no dispute that the plaintiffs filed their motion well past the 14-day filing deadline set by Rule 54(d)(2) and that they did not request an extension of time. The plaintiffs ask this Court to excuse their failure to abide by the rule because, they say, their mistake did not prejudice the defendants. Whether or not an untimely motion for attorneys' fees prejudices the opposing party is beside the point, for Rule 54(d)(2), read in conjunction with Rule 6(b)(1), permits an award of fees on an untimely motion only after a finding of excusable neglect. See Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010). The plaintiffs do not maintain that their noncompliance with the rule was caused by excusable neglect, so we will affirm the District Court's conclusion that their motion for attorneys' fees was untimely. See Bender v. Freed, 436 F.3d 747, 750 (7th Cir. 2006) (affirming denial of ERISA attorneys' fees as untimely when the moving party had no good reason for missing Rule 54(d)(2)'s deadline).

In the cross appeal, the IBC defendants maintain that it was error not to award them attorneys' fees. The District Court found that they achieved some measure of success in the case by prevailing on their motion to dismiss Count 3. It then balanced the discretionary policy factors announced in Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983), and found that those factors did not favor an award. The IBC defendants urge us to uphold the District Court's threshold ruling, but to conclude that the court abused its discretion in weighing the Ursic factors.

14

ERISA provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court understands this provision to permit a fee award for either party in an ERISA action, so long as that party achieved "some degree of success on the merits." Hardt, 130 S. Ct. at 2158. This standard, the Court has cautioned, is not met by a showing of "trivial success on the merits" or a "purely procedural victor[y]." Id. We agree with the District Court that the IBC defendants satisfied the "some degree of success on the merits" inquiry by showing, at a minimum, that they prevailed in securing dismissal of Count 3. That ruling was a rejection of a portion of the plaintiffs' request for relief on the merits, and as such cannot be characterized as a mere procedural victory.

Turning to the policy factors, our precedent directs district courts to consider "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deter[r]ent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position[s]" before deciding whether to award fees and costs. Ursic, 719 F.2d at 673. The factors "are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004).

The District Court thoughtfully addressed four of the five factors (the fourth factor was inapplicable) in rejecting the IBC defendants' application for counsel fees. It found that the first factor did not favor an award because the record did not suggest that the

15

plaintiffs filed suit in bad faith. The second factor likewise disfavored an award because, based on allegations in the Second Amended Complaint, the plaintiffs likely would be unable to satisfy an award. With respect to the third factor, the court found that an award would deter plaintiffs from filing suit before exhausting administrative remedies, but also reasoned that it would thwart the ERISA policy of encouraging insurance companies to pay claims in a timely fashion. On the question of the relative merits of the parties' positions, the District Court found that the IBC defendants achieved a measure of success on the merits, but the plaintiffs obtained the more substantive victory of full payment of claims.

We conclude that the District Court's consideration of the Ursic factors furnishes a reasoned basis for denying the IBC defendants attorneys' fees and costs. The IBC defendants, however, insist that the plaintiffs are culpable for filing suit before exhausting administrative remedies. But notwithstanding their noncompliance with the plan's dispute resolution procedures, the plaintiffs tried, unsuccessfully, to resolve their claims with QCC and Independence before filing suit. The IBC defendants next fault the District Court for performing insufficient factfinding on the plaintiffs' ability to satisfy an award of counsel fees. Although the court did not conduct additional factfinding, the IBC defendants bore the burden of establishing the factual predicate for their application for attorneys' fees, and they did not proffer evidence of plaintiffs' ability to satisfy an award. The IBC defendants next object to the District Court's consideration of the deterrent effect of declining to award them fees because they, unlike the plaintiffs, were not "offending parties." Ursic, 719 F.2d at 673. The District Court correctly determined that

16

the plaintiffs and the defendants shared responsibility for litigation:  the IBC defendants delayed approval of plaintiffs' claims for years without explanation, while the plaintiffs did not comply with administrative procedures before filing suit.  Finally, the IBC defendants maintain that the merits of their position outweighs that of the plaintiffs.  We disagree.  As the District Court found, the plaintiffs prevailed on the core issue in the case — that is, their entitlement to benefits.  The IBC defendants, we conclude, fall short of establishing that the District Court abused its discretion.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court ordering dismissal of Count 3 and denying both parties attorneys' fees.  We will vacate the order dismissing Counts 1, 2, and 4 as moot and remand for further proceedings consistent with this opinion.