PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4493
_____

CHRISTOPHER TEMPLIN; VIOLA HENDRICKS;
FELDMANS MEDICAL CENTER PHARMACY, INC.;
FCS PHARMACY LLC,
                                    Appellant

v.

INDEPENDENCE BLUE CROSS; QCC INSURANCE
COMPANY; CAREFIRST, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-09-cv-04092)
District Judge:  Honorable Joel H. Slomsky

ARGUED
OCTOBER 21, 2014

BEFORE:  AMBRO, FUENTES, and NYGAARD,
*Circuit Judges*

(Opinion Filed May 8, 2015)

Timothy S. Cole, Esq.
MantaCole
500 Office Center Drive, Suite 400
Fort Washington, PA 19034

Anthony J. Pauduano, Esq. [Argued]
Paduano & Weintraub
1251 Avenue of the Americas, 9th Floor
New York, NY 10020
    *Counsel for Appellants*

David L. Comerford, Esq.
Katherine M. Katchen, Esq. [Argued]
Matthew R. Varzally, Esq.
Akin, Gump, Strauss, Hauer & Feld
2001 Market Street
Two Commerce Square, Suite 4100
Philadelphia, PA 19103
    *Counsel for Appellees Independence Blue Cross and*
    *QCC Insurance Co.*

John P. Kahn, Esq.
Duane Morris
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003

Jeffrey M. Kolansky, Esq.
Archer & Greiner
1650 Market Street
One Liberty Place, 32nd Floor
Philadelphia, PA 19103

Mark J. Oberstaedt, Esq. [Argued]
Archer & Greiner
One Centennial Square
33 East Euclid Avenue
Haddonfield, NJ 08033
        *Counsel for Appellee Carefirst Inc.*

_____

OPINION OF THE COURT

_____

NYGAARD, *Circuit Judge.*

A party seeking attorney's fees under ERISA must show "some success" on the merits. Here, the District Court incorrectly defined "some success" by requiring evidence of judicial action. We will reverse.

## I.

The Appellants, two individuals and two pharmacies, originally brought a denial of benefits action under the Employees Retirement Income Security Act (ERISA) and two state law causes of action. The Appellees are insurance companies. The underlying claims in this dispute concerned the Appellees' alleged refusal to honor Appellants' claims for payment of blood-clotting-factor products. The original complaint was filed in 2009. The insurance companies moved to dismiss, arguing that the Appellants failed to exhaust their administrative remedies.

The District Court denied the motion to dismiss and ordered the Appellees to review the Appellants' claims for benefits. The Appellees then paid the claims in full and the

District Court dismissed the complaint as a result of the Appellees' payments. Following dismissal, both the Appellants and the Appellees filed for attorney's fees and costs, which the District Court denied. The parties appealed and we affirmed the District Court's decision to deny fees. *Templin v. Independent Blue Cross*, 487 F. App'x. 6 (3d Cir. 2012). We remanded, however, on one issue: whether the Appellants were entitled to interest on the delayed payment of benefits. *Id.*

On remand, Appellants sought interest ranging from approximately $1.5 to $1.8 million. While most of this interest was sought under the Maryland Code, Appellants also demanded approximately $68,000 based on the federal Treasury bill rate. The District Court convened a hearing in January of 2013 at which it made comments suggesting that, in its view, interest at the federal rate was likely appropriate, but that interest under the Maryland statute would be improper. Based on these parameters, the District Court encouraged the parties to reach a settlement. Unable to do so, the Appellants filed their Third Amended Complaint. At a pre-trial hearing in March of 2013, the Appellees agreed to pay $68,000.00 in interest to the Appellants. As a result of this settlement, the District Court dismissed the case. After the matter had been dismissed, the Appellants filed a motion for attorney's fees and costs. They sought $349,385.15 for work performed from November 1, 2010 until August 4, 2013. The District Court denied the motion.

The District Court believed that the Appellants had failed to achieve "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 255 (2010) (citation omitted). The Court noted that it had never

4

made a substantive determination on the question of whether Appellants were entitled to receive interest under the ERISA statute, and that the issue "was settled among the parties outside the courtroom and without a judgment from the Court." J.A. at 15. It also thought that the Appellants failed to achieve success on the merits because the amount of interest they actually received—$68,000.00—was "trivial" when compared to the millions of dollars they originally sought. *Id.* at 18.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), and we have jurisdiction to review its orders pursuant to 28 U.S.C. § 1291. We review a district court's decision on attorney's fees and costs for an abuse of discretion. *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305 (2008). "[O]ur review of the legal standards a district court applies in the exercise of its discretion is . . . plenary." *Ellison v. Shenango Inc. Pension Bd.,* 956 F.2d 1268, 1273 (3d Cir. 1992) (citation omitted).

## II.

The decision whether to award fees and costs usually involves two steps. First, a court must determine whether the moving party is eligible for such an award. If so, then courts evaluate the five factors we set out in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983), to determine whether to exercise their discretion and order an award. As noted previously, eligibility for an award of fees and costs in ERISA cases depends on whether the moving party has shown some degree of success on the merits, not on whether the moving party is the prevailing party in the litigation. *Hardt*, 560 U.S. at 254. The Appellants argued to the District Court that they achieved a level of success because, after the

5

hearing in January of 2013 and after the filing of the amended complaint, the Appellees voluntarily changed their position and agreed to pay interest. In effect, the Appellants were pursuing a catalyst theory of recovery. The District Court acknowledged the applicability of this theory in ERISA cases (even though we, to date, have not), but denied recovery because it believed that judicial action of some type was needed to serve as the catalyst, not the activities of litigation itself.

## A.

We begin with the larger question whether the catalyst theory can be used to show some success under the ERISA statute. In our legal system, each litigant typically pays his or her own attorney's fees, whether they win or lose. *See Brytus v. Spang & Co.*, 203 F.3d 238, 241 (3d Cir. 2000). However, some statutes provide an exception that shifts payment of one party's legal fees to the other. *Id.* at 242. ERISA is one such statute, providing that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Most fee-shifting provisions give courts the discretion to award fees only to the "prevailing party." *See, e.g.*, 42 U.S.C. § 1988. Prior to 2001, a "prevailing party" had to satisfy two requirements. First, it had to "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Second, a prevailing party had to achieve its desired result through a court judgment. We permitted a prevailing party to be awarded fees under a "catalyst theory" provided that the lawsuit brought about a voluntary change in the defendant's conduct. *See, e.g., Baumgartner v. Harrisburg Housing Auth.*, 21 F.3d 541, 546, 549 (3d Cir. 1994) (allowing catalyst

6

theory under 42 U.S.C. § 1988, the Civil Rights Attorney Fee Award Act, "where … the pressure of the lawsuit was a material contributing factor in bringing about extrajudicial relief.").

In *Buckhannon Board & Care Home v. West Virginia Dept. of Health & Human Services,* the Supreme Court rejected  the use of a "catalyst theory" where a request for fees had been made under the Fair Housing Amendments Act of 1988 (FHAA) and the Americans with Disabilities Act of 1990 (ADA).  532 U.S. 598, 605 (2001).  The Supreme Court explained that a "prevailing party" must "secure a judgment on the merits or a court-ordered consent decree."  *Id*. at 600. We have not yet specifically determined whether, post-*Buckhannon*, the catalyst theory of recovery remains available under ERISA.  We have little difficulty concluding that it does.

To begin, the ERISA statute does not limit fee awards to the prevailing party.  The Supreme Court specifically held that a claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under ERISA.  *Hardt,* 506 U.S. at 254.  Instead, "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)."  *Id*.  A party satisfies this requirement if a "court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue'."  *Id*.  Conversely, "[a] claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory...."  *Id.*  (internal quotation marks omitted).

Additionally, the Supreme Court has specifically acknowledged that attorney's fees are available even "without a formal court order." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 687 n. 8 (1983). *Ruckelshaus* "lays down the proper markers to guide a court in exercising the discretion that § 1132(g)(1) grants." *Hardt*, 560 U.S. at 255. Further, at least four other Courts of Appeal have applied, post-*Buckhannon*, the catalyst theory to statutes that lack prevailing-party requirements, and the Court of Appeals for the Second Circuit has specifically done so under the ERISA statute. *See Scarangella v. Group Health, Inc.*, 731 F.3d 146, 154-55 (2d Cir. 2013); *see also Ohio River Valley Env'l Coalition, Inc. v. Green Valley Coal*, 511 F.3d 407, 414 (4th Cir. 2007); *Sierra Club v. Env'l Protection Agency*, 322 F.3d 718, 726 (D.C. Cir. 2003); *Loggerhead Turtle v. Cty. Council*, 307 F.3d 1318, 1325 (11th Cir. 2002).

The Appellees urge us not to endorse this theory. They rely on the Supreme Court's decision in *Buckhannon,* in which the Supreme Court narrowed the use of the catalyst theory, finding that the defendant's voluntary change of conduct did not establish the plaintiff as the "prevailing party" required for an award of attorney's fees under the FHA and the ADA. Appellees' reliance on *Buckhannon* is misplaced. In *Hardt*, the Supreme Court held that ERISA includes no "prevailing party" requirement and instead vests district courts with broader discretion to award attorney's fees. 560 U.S. at 252. The Supreme Court also drew a clear distinction in *Hardt* between statutes that require a prevailing party (like those at issue in *Buckhannon*) and statutes (like ERISA) that do not impose that requirement in order to collect fees. We, therefore, have no trouble concluding that

8

the catalyst theory of recovery of attorney's fees is available under the ERISA statute.

## B.

Although it acknowledged the likely applicability of the catalyst theory of recovery, the District Court nonetheless declined to award attorney's fees. Relying on the Court of Appeals for the Second Circuit's decision in *Scarangella*, *supra*., the District Court held that the Appellants "cannot demonstrate that the out of court agreement resolving the issue of interest was caused by Court action." *Templin v. Independence Blue Cross*, No. 09-4092, 2013 WL 6050667, at *8 (E.D. Pa. Nov. 14, 2013) (citing *Scarangella*, 731 F.3d at 154-55). This was error.[1] To succeed under a catalyst theory of recovery, evidence that *judicial* activity encouraged the defendants to settle is not necessary. All that is necessary is that *litigation* activity pressured a defendant to settle or render to a plaintiff the requested relief. To hold otherwise

---

[1]We have no particular quarrel with *Scarangella*. In that case, the Second Circuit permits an award of attorney's fees to parties (including 'prevailing parties' under such statutes) who have obtained relief without a court judgment as long as the settlement was "caused in some way by court action." 731 F.3d at 154. Therefore, attorney's fees must be available under those circumstances for ERISA, which does not even have a prevailing-party requirement. Put another way, that fees are available under ERISA for settlements spurred by judicial activity does not mean that they are unavailable in a broader set of circumstances (e.g., settlement spurred by litigation activity).

ignores the distinction the Supreme Court drew in *Hardt* between statutes that award fees only to a prevailing party (which require some type of judicial action for an award of fees) and statutes, like ERISA, that do not limit the award in such a way. *See* 560 U.S. at 254.

Furthermore, the Supreme Court's decision in *Hardt* specifically answers the question "how much success" is required for ERISA fee recoveries: "*some* degree of success." 560 U.S. at 255 (emphasis added). Nothing in *Hardt* requires that this success be the result of a judicial decision. Instead, *Hardt* sets out a rather easily traversed threshold. That is to say, under the catalyst theory, a party is eligible for attorney's fees where his or her litigation efforts resulted in a voluntary, non-trivial, and more than procedural victory that is apparent to the court without the need to conduct a lengthy inquiry into whether that success was substantial or occurred on a central issue.[2]

---

[2] The District Court additionally concluded that the Appellants were ineligible for attorney's fees because the $68,000.00 in prejudgment interest they received was only a "trivial success." *See Hardt*, 560 U.S. at 255. Specifically, the Court believed that because the Appellants originally sought $1.5 million in post-judgment interest and only received $68,000.00, their success was trivial in terms of the total amount sought. We disagree. The standard for establishing "some success" is a low one. Here, the relief Appellants received was sufficient for an award of attorney's fees. Indeed, the amount of recovery is not as important as is the fact that they did recover interest at 100% of the federal interest rate. Put another way, although the Appellants did not obtain their desired amount of interest, they did accept the

Under this standard, the Appellants here are eligible for such an award. The record shows that the Appellants achieved some degree of success on the merits. At the hearing in January of 2013, the District Court indicated that Appellants were likely entitled to interest at the federal rate. Less than two months later, after Appellants filed their Third Amended Complaint, the parties settled for $68,000, which represented 100% of the interest sought under the federal statute. Applying the catalyst theory, we find that the pressure of the lawsuit caused Appellees to change their position and provide Appellants with the interest they demanded. Nor was the Appellants' success a purely procedural achievement. *See id.*, at 255. Such an accomplishment contemplates success on a procedural as opposed to a substantive issue, the winning of a motion for class certification, or a motion to intervene, for example.[3] That is not what happened here. Appellants received what they asked for in their complaint, clearly a substantive victory. Put another way, because the Appellants settled this matter with the Appellees for the full interest amount they sought, they have easily achieved some degree of success on the merits. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980)

---

total amount that was available under the federal interest rate: $68,000.00. Given this, we cannot agree that the Appellants' success in pushing the Appellees to pay interest was trivial.

[3] A victory on such motions is procedural in nature because such success does not bring the winning party any closer to its desired relief. As the Court of Appeals for the Seventh Circuit has noted, a "procedural victory that may be a way station to utter substantive defeat creates no right to fees." *Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir. 1990).

("the fact that [a party] prevailed through a settlement rather than through litigation does not weaken her claim to fees."). *See also Truesdell v. Phila. Housing Auth.*, 290 F.3d 159, 164 n.4 (3d Cir. 2002).

III.

However, even where a party can show some success on the merits, as the Appellants have done here, a court still has the discretion to grant or deny fees. *See Hardt*, 560 U.S. at 255 n. 8. In deciding whether to exercise such discretion, we have instructed that a district court must consider the following factors:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award of attorney's fees;
> (4) the benefit conferred upon members of the pension plan as a whole; and
> (5) the relative merits of the parties' positions.

*Ursic,* 719 F.2d at 673 (3d Cir. 1983). "Our case law makes clear that . . . the amount of a fee award is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 329 (3d Cir. 2011) (en banc). Here, because the District Court misapplied

12

the first *Ursic* factor and failed to apply the fifth, its overall analysis of all the factors was tainted.[4] This was an abuse of the District Court's discretion.

The first *Ursic* factor concerns the offending party's culpability or bad faith. A party is culpable if it is "blamable; censurable[or] at fault." *McPherson v. Employees' Pension Plan of American Re-Insurance Co. Inc.,* 33 F.3d 253, 257 (3d Cir. 1994). Culpable conduct is "reprehensible or wrong" but need not involve "malice or a guilty purpose." *Id.* The Court concluded that this factor cuts against an award of attorney's fees because the Appellees were not "solely culpable for delays in the litigation." J.A. at 20-21. That rationale is insufficient as a basis to deny fees. This factor concerns the culpability of the offending party, that is, the party against whom fees are sought. Whether the Appellants are also culpable, on its own, does not cut against an award of attorney's fees. Indeed, the District Court here would have needed, at a minimum, to weigh the parties' culpability against each other to support its holding, an inquiry it did not undertake. Also, the District Court noted that the Appellees did not act culpably for refusing to "originally pay [ ] the claims." J.A. at 20-21. This determination is not dispositive. Even if the Appellees did not act culpably in the merits phase of the litigation, this does not answer the question whether they acted culpably in the second phase by refusing to pay pre-judgment interest. That is the more important inquiry

---

[4] The second factor, ability of the Appellants to pay, supports an award of attorney's fees here. The District Court determined that both Appellees can pay Appellants' attorney fees. J.A. at 21. Neither party disputes this finding on appeal.

13

because the Appellants are only seeking compensation for attorney's fees which accrued in pursuit of pre-judgment interest, not fees accrued in pursuit of the underlying claims for reimbursement. And the Appellants specifically argued that Appellees were culpable because they refused to pay interest for over two years after paying the underlying reimbursement claims. The District Court cannot properly hold that the Appellees were not culpable without deciding whether they were culpable during the most relevant period of the litigation.

The District Court also failed to apply the fifth *Ursic* factor, which focuses on the relative merits of the parties' positions. The Court did not include this factor in its analysis because "the Defendants paid the interest through a settlement process, [and] the Court never adjudicated the merits of the parties' positions." J.A. at 22. This conclusion was erroneous. District courts are required to consider each of the *Ursic* factors. *Anthius v. Colt Ind. Operating Corp.*, 971 F.2d 999, 1011 (3d Cir. 1992) ("[O]ur requirement that district courts consider and analyze [*Ursic*] factors [is] a mandatory requirement."); *see also Hardt*, 560 U.S. at 255 n. 8. Appellee CareFirst argues that the District Court found this factor to be of neutral application, but that misconstrues the record. The Court did not consider this factor to be neutral but instead failed to analyze the factor at all. Further, its failure to do so may have also tainted its analysis of the first factor. If it had, the District Court could have concluded that the Appellees' legal position was meritless and then concluded that the Appellees were culpable under the first *Ursic* factor.

14

Because of the close relationship between culpability (factor 1), the relative merits (factor 5), and deterrence (factor 3), we are concerned that the Court's misapplication of the first and fifth factor tainted its analysis of the third. Further, the Court's analysis of the fourth factor raises similar concerns as it focused on deterrence. *See McPherson*, 33 F.3d at 255-56. Thus, we conclude that the District Court misapplied the *Ursic* factors when it declined to grant attorney's fees.

IV.

Today, we hold that the District Court used an incorrect legal standard to evaluate the Appellants' eligibility for attorney's fees and misapplied the *Ursic* factors, errors which tainted the District Court's assessment of an award of attorney's fees and its evaluation of the merits of the parties' positions. The 'catalyst theory' of recovery is available to the Appellants, and judicial action is not required under that theory in order to establish some degree of success. Here, the Appellants have crossed this threshold and are eligible for an award of fees and costs.

However, being eligible for an award and receiving that award are not the same thing. We express no opinion as to whether attorney's fees should be awarded to the Appellants on remand. That will be for the District Court to decide based upon the exercise of its discretion and a correct analysis of the *Ursic* factors. We will reverse the District Court's order denying attorney's fees and costs and will remand for further proceedings consistent with this opinion.

15