NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3088
_____

MARYANN COTTRELL; RICHARD G. HOLLAND,
Appellants

v.

NICHOLSON PROPERTIES LLC, d/b/a/ Hollybush Car Wash, d/b/a Hollybush
Laundromat; GEORGE NICHOLSON, SR.; GEORGE NICHOLSON, JR.; JOHN and
JANE DOES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-12-cv-02128)
District Judge: Honorable Noel L. Hillman
_____

Submitted April 4, 2019
Before: CHAGARES and HARDIMAN, *Circuit Judges*, and GOLDBERG, *District
Judge*.[*]

(Filed: April 11, 2109)

---

[*] The Honorable Mitchell S. Goldberg, District Judge of the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION<sup>**</sup>

_____

HARDIMAN, *Circuit Judge*.

Maryann Cottrell and Richard Holland, now proceeding pro se, appeal the District Court's summary judgment in favor of Nicholson Properties, George Nicholson, Sr., and George Nicholson, Jr. We will affirm.

I[1]

Nicholson, Sr. banned Cottrell and Holland from his commercial property after they recorded (and reported) vehicles illegally parked in handicap spots on several occasions. Cottrell and Holland sued Nicholson Properties, Nicholson, Sr., and Nicholson, Jr. for retaliating against them in violation of the Americans with Disabilities Act (ADA) and the New Jersey Law Against Discrimination (NJLAD). In response to Defendants' motion for summary judgment, Cottrell and Holland filed a "Cross-Motion

---

<sup>**</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction over the ADA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the New Jersey Law Against Discrimination claim under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's summary judgment is plenary, and we apply the same standard as the District Court. *E.g.*, *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). We review for abuse of discretion the denial of an adverse spoliation inference, *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018), and a district court's determination on attorney's fees and costs, *Templin v. Independence Blue Cross*, 785 F.3d 861, 864 (3d Cir. 2015).

for Adverse Inference and Attorneys' Fees." The District Court granted Defendants' summary judgment motion and denied Plaintiffs' cross-motion. Cottrell and Holland now claim the District Court erred because they: (1) are entitled to adverse inferences because the Nicholsons withheld video evidence and names of witnesses; (2) demonstrated that the Nicholsons' legitimate nondiscriminatory reason for the ban was pretext for discriminatory animus; and (3) deserve attorney's fees under the catalyst theory because Defendants withdrew the ban during litigation.

A

We begin with Cottrell and Holland's contention that they were entitled to adverse inferences as to some videos the Nicholsons allegedly withheld, and as to witnesses the Nicholsons failed to identify. Appellants argue the District Court should have presumed that "whatever was on those videotapes and whatever would have been said at the witness depositions would [have] support[ed] Plaintiffs' position." Cottrell Br. 18.

The District Court disagreed, finding that an adverse inference was inappropriate for the videos because Cottrell and Holland failed to demonstrate the Nicholsons actually suppressed any videos, which were made at least two years before the suit was filed. The Court also denied their request for an adverse inference as to the unidentified witnesses because Cottrell and Holland provided no legal support for it, and the Nicholsons identified those witnesses when prompted by Plaintiffs in depositions.

The District Court did not abuse its discretion on either front. Spoliation occurs when: "the evidence was in the party's control; the evidence is relevant to the claims or

defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). As noted by the District Court, there was no evidence the Nicholsons suppressed or withheld the video recordings of events happening several years before the litigation was filed. And their argument about the unidentified witnesses is unavailing because the Nicholsons provided their names during deposition testimony.

B

We next consider whether Appellants demonstrated that the Nicholsons' proffered reason for the ban—the duo's harassment of customers—was simply a pretext for discriminatory animus. Cottrell and Holland contend the video evidence supports their pretext argument, as a jury might conclude after viewing the footage that they were not disruptive and the Nicholsons displayed animus against them. They also argue the Court erred by concluding that Nicholson, Jr.'s later treatment of them—which included harassment and efforts to interfere with Cottrell's parental rights over her disabled daughter—did not establish pretext for retaliation.

The District Court granted summary judgment in favor of Defendants after applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] The Court found that while Cottrell and Holland established a prima facie

---

[2] The *McDonnell-Douglas* burden-shifting framework applies to both ADA and NJLAD claims once a prima facie case of retaliation is established. *See McDonnell*

case of retaliation under the ADA and NJLAD, Defendants provided a legitimate nondiscriminatory reason for banning them from the property. The Court cited the Nicholsons' testimony that they decided to ban Cottrell and Holland because their behavior was alarming customers. Plaintiffs then had the burden of showing that the Nicholsons' stated reason "was not the 'true reason' but was instead a pretext." *Cottrell v. Nicholson Props. LLC*, 2018 WL 4062723, at \*11 (D.N.J. Aug. 24, 2018) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)). But Plaintiffs' pretext argument "focuse[d] on why Defendants' proffered reason should be disbelieved," alleging that the video evidence shows they did not engage in misconduct. *Id.* After considering the video—as well as the duo's contention that Nicholson, Jr. harassed them—the District Court found that Plaintiffs "failed to proffer sufficient evidence from which a reasonable factfinder could conclude it was more likely than not that a 'discriminatory animus' motivated Defendants in banning Plaintiffs." *Id.* at \*11, \*12 n.13.

We perceive no error in the District Court's analysis. To establish pretext under *Fuentes v. Perskie*, plaintiffs must "point to some evidence . . . from which a factfinder could reasonably either (1) disbelieve the [Defendant's] articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the [Defendant's] action." 32 F.3d at 764. By merely pointing to the video evidence and their harassment claims against Nicholson, Jr., Appellants

*Douglas Corp.*, 411 U.S. at 802; *Jansen v. Food Circus Supermarkets, Inc.*, 541 A.2d 682, 691 (N.J. 1988).

5

made neither showing. We agree with the District Court that the video undercuts their argument, as "a reasonable factfinder would find the video entirely consistent with Defendants' proffered reason" because it shows Cottrell and Holland irritated customers and disrupted business. *Cottrell*, 2018 WL 4062723, at *11.

Nor did the District Court err in concluding that Cottrell and Holland's harassment claims against Nicholson, Jr. were "insufficient to show that Defendants' decision to ban Plaintiffs from their property was motivated by anything other than unwarranted disruptions to Defendants' businesses and third parties." *Id.* at *12 n.13. According to Cottrell and Holland's Second Amended Complaint, the harassment occurred about two years *after* the Nicholsons instituted the ban. Because the claims against Nicholson Jr. arose long after the Nicholsons banned Appellants, a reasonable factfinder could not conclude that discriminatory animus motivated the earlier decision to ban them from the property.[3]

In sum, the District Court did not err in granting summary judgment in favor of Defendants because Cottrell and Holland failed to show that Defendants' legitimate nondiscriminatory reason for banning them was pretextual.

---

[3] To the extent Appellants contend that the District Court abused its discretion or otherwise erred by not considering whether Nicholson Jr.'s harassment was itself actionable retaliation, Appellants present no legal support or citation to the record for this contention. We therefore decline to address it further. *See* Fed. R. App. P. 28(a)(8); *United States v. Fattah*, 914 F.3d 112, 189 n.38 (3d Cir. 2019).

## C

Finally, Cottrell and Holland seek attorney's fees under the catalyst theory, which applies when there is a "factual causal nexus between plaintiff's litigation and the relief ultimately achieved," so long as that relief "had a basis in law." *Singer v. State*, 472 A.2d 138, 142 (N.J. 1984). According to Appellants, "the nexus between the litigation and the relief is obvious" because they sought an injunction against the ban, which Defendants rescinded after learning Cottrell and Holland obtained counsel. Cottrell Br. 26.

The District Court rightly rejected this argument because the Supreme Court has held "that the 'catalyst theory' is not a permissible basis for the award of attorney's fees under the . . . ADA." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 610 (2001). Although the District Court did not address the theory's applicability to the NJLAD claim, this avenue is also unavailing because the relief gained here—lifting the ban—did not have "a basis in law." *Singer*, 472 A.2d at 142. While Cottrell and Holland ultimately received their desired outcome, Defendants' decision to lift the ban was not required by law because Appellants did not establish a legal basis for an injunction under these facts. *See id.* So there was no abuse of discretion to deny attorney's fees.

\*   \*   \*

For the reasons stated, we will affirm the District Court's order.