NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1538
_____

JAIME GONZALEZ; PATRICIA WRIGHT; KEVIN WEST; GERALD BOEHM;
EDWARD MAAG; DIANE MAAG, on behalf of themselves and all others similarly
situated,
Appellants
v.

OWENS CORNING; OWENS CORNING SALES, LLC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-13-cv-01378)
District Judge: Honorable Joy Flowers Conti

_____

Submitted under Third Circuit LAR 34.1(a)
April 21, 2020

Before: HARDIMAN, RENDELL, and FISHER, *Circuit Judges*.

(Filed: May 1, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal is the final skirmish in a long legal battle over allegedly defective Owens Corning shingles purchased by Plaintiffs. The District Court initially granted Owens Corning summary judgment, but we reversed, and the parties later settled. Plaintiffs then requested attorneys' fees, arguing their appeal of the Court's summary judgment benefitted the putative class. The Court denied Plaintiffs' motion, and they appealed again. We will affirm.

I

In 2006, the United States Bankruptcy Court for the District of Delaware confirmed Owens Corning's Chapter 11 plan. *See Gonzalez v. Corning*, 885 F.3d 186, 190 (3d Cir. 2018). Under the confirmation order and 11 U.S.C. § 1141, all "claims" against Owens Corning as of that date were discharged. *Id.*

At the time, our decision in *Avellino & Bienes v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332 (3d Cir. 1984) ("*Frenville*") supplied the legal standard for determining whether a plaintiff held a "claim" in bankruptcy. Under *Frenville*, courts looked to the underlying state limitations law to determine when a claim arose. *See Gonzalez*, 885 F.3d at 191 (citation omitted). "Thus, for example, a claim brought under

the law of a state in which the discovery rule applies arises when the claimant discovers the injury." *Id.*

In 2009 and 2010, Plaintiffs Patricia Wright and Kevin West sued in the United States District Court for the Western District of Pennsylvania, claiming Owens Corning manufactured defective shingles. *See id.* at 189; App. 177. They purported to represent a class of individuals who owned structures on which the shingles were installed. *Gonzalez*, 885 F.3d at 191 (citing *Gonzalez v. Owens Corning*, 317 F.R.D. 443, 455 (W.D. Pa. 2016)). Both Wright and West asserted state-law causes of action, and Wright—a Pennsylvania resident—asserted a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (PUTPCPL), 73 Pa. Stat. Ann. § 201-1 *et seq.*; App. 99–110. Although Wright and West both installed their shingles before Owens Corning's reorganization plan was confirmed in 2006, they did not discover the shingles' alleged defects until 2009. *See Wright v. Owens Corning*, 679 F.3d 101, 103 (3d Cir. 2012). Because they both resided in states in which the discovery rule applies, under *Frenville* they did not hold "claims" in 2006. *See id.* at 104 & n. 5.

In 2010, we overturned *Frenville*. *See JELD-WEN, Inc. v. Van Brunt (In re Grossman's Inc.)*, 607 F.3d 114 (3d Cir. 2010) (en banc) ("*Grossman's*"). Under *Grossman's*, a claim arises when the claimant is exposed to the debtor's product or conduct, no matter when the claimant discovers the injury. *See id.* at 125. Applying *Grossman's*, the District Court granted Owens Corning summary judgment. It reasoned

3

that Wright and West had claims in 2006 and their claims had been discharged when the District Court confirmed Owens Corning's reorganization plan. *See Wright v. Owens Corning*, 450 B.R. 541, 557 (W.D. Pa. 2011).

Wright and West appealed, and we reversed. Citing due process concerns, we held the *Frenville* rule applies to cases in which courts confirmed reorganization plans before we decided *Grossman's*. *See Wright*, 679 F.3d at 109. Thus, we held Wright and West's claims were not discharged. *See id.*

On remand, the District Court consolidated Wright and West's case with three others, and Plaintiffs moved to certify a class. *See Gonzalez*, 885 F.3d at 189. The Court denied the motion, *see Gonzalez*, 317 F.R.D. at 529, and we affirmed, *see Gonzalez*, 885 F.3d at 203. The parties then settled. *See Gonzalez v. Owens Corning Sales, LLC*, 367 F. Supp. 3d 381, 383 (W.D. Pa. 2019).

Following the settlement, Plaintiffs moved for attorneys' fees. *See id.* at 382. They argued that, under any of three theories—(1) the common fund doctrine; (2) the common benefit doctrine; and (3) the catalyst theory—they deserve "compensat[ion] for lifting the federal bankruptcy bar and voiding the bankruptcy injunction thereby creating a common benefit for millions of shingle owners." *Id.* The District Court denied the motion, and this appeal followed. *Id.* at 387.

## II[1]

We review the standards and procedures the District Court applied in determining attorneys' fees de novo and the facts it found for clear error. *See Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 265 (3d Cir. 2002). We also pay a "great deal of deference to a district court's decision to set fees." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000) (citations omitted).

The District Court did not err in holding the common fund and common benefit doctrines do not apply. Both doctrines give courts discretion to award fees to attorneys whose work substantially benefits an ascertainable class of beneficiaries. *See Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 145 (3d Cir. 1998); *In re Diet Drugs*, 582 F.3d 524, 546 n. 44 (3d Cir. 2009) (explaining the common benefit doctrine derives from the common fund doctrine). Plaintiffs suggest that our decision in *Wright* "reviv[ed] millions of warranties" and "prohibited [Owens Corning] from asserting the bankruptcy bar *ab initio* to avoid warranty claims." Opening Br. 1; Reply Br. 4. But this description of *Wright* is unfounded. In *Wright*, we merely held that the *Frenville* rule applies to cases in which courts confirmed reorganization plans before *Grossman's*. *See Wright*, 679 F.3d at 109. So *Wright* benefitted only plaintiffs whose claims would have been discharged under *Grossman's* but not *Frenville*. That class of plaintiffs is not ascertainable, because

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

the *Frenville* analysis is so fact intensive. *See Polonski*, 137 F.3d at 145. Even if we could ascertain these plaintiffs, however, *Wright* benefitted them only by removing one obstacle to overcoming summary judgment—not by helping them prove their shingles were defective. Such a "minimal" benefit cannot support an award of fees under either the common fund or common benefit doctrine. *Gonzalez*, 367 F. Supp. 3d at 385–86; *see also Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 167 (1939) (holding common fund doctrine applies "only in exceptional cases and for dominating reasons of justice"); *Polonski*, 137 F.3d at 145–147 (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 396 (1970)) (explaining common benefit doctrine requires plaintiff to render a "substantial service" to an ascertainable class of beneficiaries).

Nor did the District Court err in holding the catalyst theory inapplicable. That theory gives courts discretion to award attorneys' fees if a plaintiff's litigation activity "pressured a defendant to settle or render to a plaintiff the requested relief." *Templin v. Indep. Blue Cross*, 785 F.3d 861, 866 (3d Cir. 2015). *But see Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 610 (2001) (holding catalyst theory unavailable if statute has "prevailing party" requirement). In *Templin*, we held a plaintiff asserting claims under the Employee Retirement Income Security Act (ERISA) could pursue a catalyst theory, in part because ERISA's fee-shifting provision lacks a "prevailing party" requirement. *See* 785 F.3d at 864–66 (citing *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242 (2010)). Plaintiffs argue that because the PUTPCPL's

fee-shifting provision also lacks a prevailing party requirement, they too should be able to pursue a catalyst theory. Even if the catalyst theory applies to the PUTPCPL, it cannot support an award of fees here. The catalyst theory requires "some degree of success on the merits." *Templin*, 785 F.3d at 864 (citing *Hardt*, 560 U.S. at 254). But as the District Court concluded, Plaintiffs' victory in *Wright* was purely procedural; it shed no light on the merits of any putative plaintiff's claim. *See Gonzalez*, 367 F. Supp. 3d at 387.

\* \* \*

For the reasons stated, we will affirm the District Court's order denying the motion for attorneys' fees.